## STATE OF TEXAS v. UNKNOWN OWNER.

Decided June 29, 1907.

**Tax Suit—Citation by Publication.**

In a suit by the State against an Unknown Owner, for delinquent taxes, citation by publication considered, and held sufficient under article 5232, Revised Statutes.

Appeal from the District Court of Floyd County. Tried below before Hon. L. S. Kinder.

*Chas. E. Furr,* for appellant.

*J. B. Bartley* and *T. F. Houghton,* for appellee.

CONNER, CHIEF JUSTICE.—This is a suit by the State of Texas, instituted by the county attorney of Floyd County, against the Unknown Owner of lot No. 18 in block No. 28 in the town of Floyd City, Texas, under the provisions of article 5232 Revised Statutes, to collect delinquent taxes assessed and remaining unpaid against said town lots and to enforce the lien of the State and county for said taxes thereon. The attorneys appointed by the court to represent the unknown owner, defendant, who had been cited by publication, interposed a motion to quash the citation by publication, which motion was by the court sustained, whereupon the county attorney, for the State, refused further process of the court and moved for a trial notwithstanding, and the court thereupon dismissed plaintiff's suit and rendered final judgment against it, to which plaintiff then and there in open court excepted and gave notice of appeal to this court.

The sole question presented goes to the sufficiency of the citation issued and served by publication, which is as follows:

"The State of Texas. In the name of the State of Texas and

County of Floyd, To the Sheriff or any Constable of Floyd County, greeting:

"You are hereby commanded to make publication of this citation and notice by publishing the same in some newspaper published in said county one time a week ·for three consecutive weeks previous to the 1st Monday in September, 1906, the same being the 3d day of September, 1906, the return day hereof; but if there is no newspaper published in said county then you are commanded to publish the same in a newspaper published in an adjoining county one time a week for three consecutive weeks previous to the 1st Monday in Sept., 1906, the same being the 3d day of Sept., 1906, the return day hereof, to wit:

"In the name of the State of Texas and County of Floyd, To all persons owning or having or claiming any interest in the following described land, delinquent to the State of Texas .and County of Floyd for taxes, to wit:

"Lot No. 18 in block No. 38 of Floyd City, which land is delinquent for taxes for the following amounts: State tax, 22 cents; County tax, 49 cents, for the years 1891, '92, '93, '94, '95, '96, '97, 1903 and 1904; .and you, unknown owner, being alleged by the affidavit of the attorney for the State of Texas to be a non-resident (or non-residents) of the State of Texas, and you, the unknown owner or unknown owners, of the foregoing described lands (the attorney for the State of Texas having made affidavit that the owner or owners of said land are unknown to him and after inquiry can not be ascertained) are hereby notified that suit has been brought by the State of Texas for the collection of said taxes in the District Court of Floyd County, Texas, the petition being filed in said court on the 31st day of July, 1906, in the cause styled The State of Texas v. Unknown Owner, and the unknown owner or unknown owners, defendants, and being numbered on the Civil Docket of said court as Number 557.

"Now, therefore, you, unknown owner, being a non-resident (or non-residents) of the State of Texas, and you, the unknown owner or unknown owners of the above described land, are commanded to appear and defend such suit at the September term of the District Court of Floyd County in the State of Texas to be begun and holden at the courthouse thereof in the town of Floydada on the 3d day of September, 1906, and show cause why judgment shall not be rendered condemning said land (or lots) and ordering the sale and foreclosure thereof for taxes and costs of suit."

The following is a statement of the plaintiff's cause of action, viz.:

"Suit by the State of Texas against Unknown Owner, a non-resident (or non-residents) of the State of Texas, and the unknown owner or unknown owners of the land or lot herein above described defendant (or defendants), for taxes delinquent and unpaid to the State of Texas and county of Floyd for the years mentioned, State taxes amounting to 22 cents, county taxes amounting to 49 cents, fees allowed by law amounting to 25 cents, including a penalty amounting to ten per cent of said taxes for the said year for which the said taxes are delinquent, together with six per cent interest

on said taxes from the first day of January next succeeding the year for which any taxes are delinquent, and that the said amount of said taxes, penalty, interest, fees and all court costs are delinquent, unpaid and due to the plaintiff, and that the amount thereof is a charge against and a lien on said land (or lot) in Floyd County, Texas, described herein above. Plaintiff prays judgment for the amount of said taxes, penalty, interest, fees and all court costs, and for a foreclosure of the said tax lien against all of said defendants on said land (or lot) to satisfy the amount of said taxes, penalty, fees and all court costs and for all other general legal and equitable relief.

"Herein fail not, and have you before said court on the 3d day of September, 1906, the same being the first day of the next term thereof, this writ and notice with your return thereon endorsed, showing how you have executed the same.

"Given under my hand and seal of said court this 6th day of August, 1906. Tom P. Steen, Clerk District Court, Floyd County, Texas."

This citation seems to be in substantial compliance with article 5232 of our Revised Statutes, prescribing the requisites of such citations, save that the notice to the unknown owner required by the statute is preceded by a direction to the sheriff or constable to serve it by publication, as required by the article referred to, and is followed by a command for a return showing how the writ was served. We are of opinion that the departures noted should not invalidate the notice or citation to the owner. The commands to the officer by separate paragraph are made entirely distinct from the notice to the unknown owner, and hence can not be said as matter of law to be misleading to the owner of the property sought to be charged, which is the only reasonable objection occurring to us that could be urged to the citation in this case. Indeed, it is not perceived how otherwise the requirement to publish notice to the owner can be enforced. The statute does not specifically designate who shall perform this duty, and it is not to be found among the general duties prescribed by law of any officer save that of a sheriff or a constable, who alone are commanded by law to perform such duties, and who alone may lawfully receive compensation therefor. Rev. Stats., arts. 4901, 4915, et fee bills.

We conclude that the citation under consideration is sufficient and that the judgment should be reversed and the cause remanded for further proceedings.

*Reversed and remanded.*