## JOHN YOUNG ET AL. v. J. D. JACKSON.

Decided April 22, 1908.

**1.—Tax Sale—Judgment—Collateral Attack.**

A judgment in favor of the State by a court of competent jurisdiction, for delinquent taxes, can be attacked collaterally, as in trespass to try title, only when such judgment is void.

**2.—Due Process of Law.**

Whenever, by the laws of a State or by State authority, a tax, assessment, servitude or other burden is imposed upon property for the public use, and those laws provide for a mode of confirming or contesting the charge thus imposed in the ordinary courts of justice, with such notice to the person, or such proceedings with regard to the property, as is appropriate to the nature of the case, the judgment in such proceeding cannot be said to deprive the owner of his property without due process of law, however obnoxious it may be to other objections.

**3.—Tax Suit—Proceeding in rem—Strict Construction.**

A suit for the collection of taxes upon the property of an unknown owner is a proceeding *in rem*. The jurisdiction is special. Nothing is taken by intendment in favor of the action of the court which exercises it, but it must appear from the record itself that the facts existed which authorized the court to act, and that in acting it has kept within the limits of its lawful authority.

**4.—Same—Statute Constitutional.**

The provisions of the Revised Statutes of this State for the collection of delinquent taxes, due by unknown owners, are appropriate to the nature of the case, and therefore meet the constitutional requirement of due process of law.

**5.—Same—Unknown Owners—Notice—Heirs.**

In a suit for delinquent taxes, where the owners are the heirs of the original grantee but are, in fact, unknown to the county attorney bringing the suit, the published notice of the suit should be in accordance with the provisions and requirements of article 5232o, Sayles' Revised Statutes, and not in accordance with article 1236, for citation to unknown heirs generally.

**6.—Same—Statutory Notice.**

In a suit for delinquent taxes, a notice "To unknown owner, and to all persons owning or having, or claiming any interest," etc., was sufficient.

**7.—Same—Affidavit to Petition.**

Where, in a suit for delinquent taxes, the petition contained the allegations that "the owner or owners of the land are unknown to the attorney for the State, and after inquiry cannot be ascertained," an affidavit to the allegations of the petition by the county attorney, "to the best of his knowledge and belief," was sufficient.

**8.—Same—Notice—Statement of Taxes.**

In a suit against an unknown owner for delinquent taxes, although the statute requires the notice to state separately the amount of taxes due the State and county, a failure in this respect is not fatal in a collateral attack when the fact is shown by exhibits attached to the petition, and it is evident the owner was deprived of no substantial right.

**9.—Same—Proof of Publication—Affidavit of Publisher—Absence of Seal.**

The statute which prescribes the published notice in suits for delinquent taxes does not require that such notice shall be directed to the sheriff or any constable, as in other process, hence an affidavit by the publisher is a sufficient return for the court to act upon, and the failure of the officer taking the affidavit of the publisher to attach his seal to the jurat is not a fatal defect.

**10.—Tax Title—Limitation.**

The statute of limitation does not begin to run in favor of one holding under a tax deed until two years from the date of the sale.

Appeal from the District Court of Brewster County. Tried below before Hon. B. C. Thomas.

*C. E. Spalding* and *Swearingen & Tayloe*, for appellant.—Where a

judgment is introduced in evidence which contains no recital of due and legal service, or which describes the character of service had on which it was rendered, the entire record may be looked into to determine whether or not the court had jurisdiction to render such judgment, and when the record in such cause is offered in evidence, and it affirmatively appears that the court had no jurisdiction of the persons or subject matter, then, in such case the judgment is null and void, and no valuable rights can be acquired thereunder. Treadway v. Eastburn, 57 Texas, 209; Earnest v. Glaser, 32 Texas Civ. App., 378; Babcock v. Wolffarth, 35 Texas Civ. App., 512; Stoneman v. Bilby, 43 Texas Civ. App., 293; Charles v. Morrow, 12 S. W., 903; State v. Staley, 76 Mo., 160; Quigley v. Mexico Sv. Bank, 80 Mo., 289; Wade on Notice, sec. 1030.

No valid judgment could be rendered against the owners of the land in controversy under the substituted process and service provided by article 5232o if the name of the owner or the owners of the land were known or could be ascertained by the County Attorney, and where the records of the county and of the General Land Office showed the patentee to be the record owner it is necessary to make him by name, or his unknown heirs in case of his death, parties to a proceeding which had for its object the condemnation of said land under tax foreclosure proceedings. Stoneman v. Bilby, 43 Texas Civ. App., 293; Bingham v. Matthews, 86 S. W., 781.

The statute having required that the notice shall state the amount of taxes due the county and State separately, there was no compliance with the statute by giving the total sum of taxes due, and the failure to do so rendered said notice fatally defective, and did not confer jurisdiction on the court to render valid judgments in such cases. Rev. Statutes, art. 5232o; Earnest v. Glaser, 32 Texas Civ. App., 378; Morrill v. Swartz, 39 Ill., 108; Fox v. Turtle, 55 Ill., 377.

In order to sustain a judgment by default where there is no appearance and no recital of due service in the judgment it is necessary that there shall be a valid return on a valid citation or notice. Goodlove v. Gray, 7 Texas, 483; Blossman v. Letchford, 17 Texas, 647; McCarthy v. Burtis, 22 S. W., 422.

In order to authorize citation by publication and sustain a judgment by default in the absence of appearance or recital of due service in the judgment, it was necessary that an unconditional, unqualified affidavit be filed by the attorney for the State setting up that the owner or owners were unknown or that they were nonresidents of the State of Texas, and in the absence of filing such an affidavit the court acquired no jurisdiction to render a judgment condemning and foreclosing the tax lien in such proceedings. Stoneman v. Bilby, 43 Texas Civ. App., 293; Iiams v. Root, 22 Texas Civ. App., 413; Hardy v. Beaty, 84 Texas, 562; Babcock v. Wolffarth, 35 Texas Civ. App., 512; Pennoyer v. Neff, 95 U. S., 714; Coons v. Throckmorton, 25 Ark., 60; Allen v. Smith, 25 Ark., 495; People v. Pearson, 76 Cal., 400; Gilmore v. Lampman, 90 N. W., 1113.

*Higgins & Turney,* for appellee.—The notice referred to in this assign-

ment was directed "To all persons owning, or having, or claiming any interest in the land," and while it contained matter not necessary to be contained therein, yet it contained all of the requisites required by art. 5232o of the Revised Statutes, and was in substantial, if not exact, compliance therewith.    Art. 5232o, Revised Statutes; State v. Unknown Owner, 103 S. W., 1116.

The fact that the affidavit upon which the substituted service was based, was made to "the best of his knowledge and belief" by the County Attorney, did not affect its sufficiency; but if it did constitute a defect in the affidavit, it can not be objected to in a collateral attack upon the judgment; all such errors or irregularities must be corrected by appeal, or by petition for bill of review, or by a direct action to set the judgment aside.    16 Am. & Eng. Encyc. Law (2d. ed.), pp. 813, 815, 816; 2 Cooley on Taxation (3d. ed.), pp. 897 and 898; Freeman on Judgments (3d. ed.), par. 126, and cases cited in notes; 23 "Cyc.," pp. 1075 to 1077; Webster v. Daniel, 14 S. W., 550.

Article 5232o authorizes substituted process, where an affidavit is filed by the County Attorney, stating that the owners are unknown; in suits Nos. 807 and 808 such affidavits were filed, and the judgments based thereon can not be collaterally attacked by showing that by the use of due diligence the owners could have been ascertained. 23 "Cyc.," pp. 1075 to 1077, par. E; Webster v. Daniel, 14 S. W., 550.

NEILL, ASSOCIATE JUSTICE.—On August 28, 1907, appellants, John Young, Martha V. Underhill, E. Corrinne Howes, joined by her husband, Frank Howes, Isaac Q. Underhill, and I. Underhill, brought this suit against J. D. Jackson in the ordinary form of trespass to try title to recover two sections of land located in Brewster County, Texas, which are survey No. 7, block No. 331, script No. 1854, granted to the T. C. Ry. Co. and patented to Thos. S. Underhill, March 3, 1884; and survey No. 9, block No. 331, script No. 1855, granted to the T. C. Ry. Co. and patented to Thos. S. Underhill on February 25, 1884.

The defendant answered by general demurrer and general denial and pleas of not guilty and also plea of five years' statute of limitations, and pleaded specially title in himself, under and by virtue of a foreclosure proceeding and sheriff's sale in tax suits entitled The State of Texas v. Unknown Owners, No. 807, and The State of Texas v. Unknown Owners, No. 808, in the District Court of Brewster County, Texas; prayed for affirmative relief and that his title be quieted against the claim of plaintiffs.

The case was tried by the court without a jury, and the trial resulted in a judgment in favor of the defendant.

Our conclusions of fact are stated in a separate paper.

*Conclusions of Law.*—It must appear from the record in the cases in which the judgments were rendered under which appellee claims the tracts of land in controversy, that such judgments were void and, therefore, subject to collateral attack, before they can be overcome as a barrier to plaintiffs' right of recovery; even though, but for appellee's deed under them, they had shown title to the premises.

We will premise our consideration of the question here involved

with the postulate laid down by Mr. Justice Miller in Davidson v. New Orleans, 96 U. S., 97, 24 L. ed. 616, which is, "That whenever by the laws of a State, or by State authority, a tax, assessment, servitude, or other burden is imposed upon property for the public use, whether it be for the whole State or some limited portion of the community, and those laws provide for a mode of confirming or contesting the charge thus imposed in the ordinary courts of justice, with such notice to the person, or such proceedings in regard to the property, as is appropriate to the nature of the case, the judgment in such proceedings can not be said to deprive the owner of his property without due process of law, however obnoxious it may be to other objections." If, then, the judgments confirming the tax laid upon the lands and foreclosing the State's lien thereupon were obtained in pursuance of and in compliance with the statute enacted for the purpose of foreclosing liens for taxes due upon lands where owners are unknown, and the notice to the owners provided for by such statute "is appropriate to the nature of the case," it can not be held that the judgments are invalid for the reason that under them the plaintiffs were deprived of their property without due process of law. We shall show by the authorities, and demonstrate farther on, that the notice provided by article 5232o, Sayles' Texas Civil Statutes, which was given in each of the cases in which the judgments under which appellee claims were rendered, is appropriate to the nature of the case for which that kind of notice is provided.

A suit for the enforcement of the lien for delinquent taxes upon the property of an unknown owner against which it is assessed is, from the very nature of the case, a proceeding *in rem,* and is not in its strict sense judicial, but only a step in administration proceedings in which judicial aid is invoked as a matter of convenience, and because with its assistance the rights of the parties can be most surely protected and the public interest at the same time conserved. The assistance of the judicial department of government is not invoked until that point is reached in the proceeding where the executive department has demonstrated its inability to collect the tax through the medium of its duly constituted and authorized officer. Hence it is on account of the dereliction of the owner that the courts are resorted to in order to compel him to do that which it was his duty to do, by subjecting his property to its share of the burden of government. The jurisdiction thus invoked is special and limited by the act of the legislative department which confers it; and being so limited, nothing is taken by intendment in favor of the action of the court which exercises it; but it must appear from the record itself that the facts existed which authorized the court to act, and that in acting it has kept within the limits of its lawful authority. Hollywood v. Wellhausen, 68 S. W., 329; Cooley on Taxation, (3d. ed.), 879.

In this State after a tax collector has exhausted the power conferred on him by the law and has failed to collect the tax assessed against the property, the first step required by the law to invoke the power of the court in aid of its collection is a petition thereto, made by the proper officer, after the delinquent tax record has been made and published in accordance with the provisions of the statute, showing the

delinquency by proper averments in accordance with article 5232f Sayles' Civil Statutes. This is the document which calls into activity the authority of the court, before latent, and must conform to the law in every substantial requirement, or it will fail entirely to have any efficiency for the purpose. The second step, required by the laws of Texas, is to give notice that will stand in the place of process, which brings, or is taken in its effect to bring, the owner of the property before the court. And the next step is to hear and determine the case and render such judgment as is authorized by the law under the facts shown by the evidence.

The county attorney, or district attorney in counties where there is no county attorney, is the officer required by article 5232f to represent the State and county in all suits against delinquent taxpayers. As is shown by our conclusions of facts, the suits in which the judgments were rendered, under which appellee claims, were brought and prosecuted by the county attorney of Brewster County, in which the lands are situated. It is not contended by the appellants that the petition filed in either case did not contain all the allegations required by statute in such cases, nor that there was the absence of any fact essential to the jurisdiction of the court rendering the judgments. The only contention, going to the validity of the first step taken by the court in the proceeding, is that the petition was not properly verified by the county attorney. The contention can not be sustained. It is provided by article 5232f, Sayles' Civil Statutes, that, "The petition in such suits" (suits to enforce the collection of taxes, as provided in chapter 5a, title 104), "shall be signed by the attorney bringing the suit, and shall be verified by the affidavit of said attorney, or the county judge, to the effect that the averments contained in said petition are true to the best of the knowledge and belief of affiant." The chapter from which this quotation is taken is the one under which the petitions were filed, and the affidavit in each case was made by the county attorney of Brewster County, who brought the suit, before the clerk of the District Court of said county. Therefore, as the petition in each case contained all the allegations required by statute, was signed and sworn to by the county attorney who brought the suit, we must hold that the first step necessary to invoke the jurisdiction of the District Court in aid of the State in the collection of the delinquent tax due upon the land in controversy, was taken in substantial, if not in exact, compliance with the statute.

Now, as to the second step. So much of article 5232o as is applicable to this case is as follows: "Whenever the owner or owners of any lands . . . returned delinquent or reported sold to the State, or that may hereafter be reported sold or returned delinquent for the taxes due thereon for any year or number of years, are nonresidents of the State, or the name of the owner or owners of said land . . . be unknown, then upon affidavit setting out that the owner or owners are nonresidents or that the owner or owners are unknown to the attorney for the State and after inquiry can not be ascertained, said parties shall be cited and made parties defendant by notice in 'The name of the State and County, directed to all parties owning or having or claiming any interest in the following described

land delinquent to the State of Texas and County of ......, for taxes to wit: (here set out description of the land as contained on the assessment roll and such further description obtainable in the petition) which said land is delinquent for taxes for the following amounts, $...... for State taxes, and $...... for county taxes, and you are hereby notified that suit has been brought by the State for the collection of said taxes, and you are commanded to appear and defend such suit at the ...... term of the District Court of ........ County, and State of Texas, and show cause why judgment shall not be rendered condemning said land, and ordering sale and foreclosure thereof for taxes and costs of suit,' which notice shall be signed by the clerk and shall be published in some newspaper published in said county one time a week for three consecutive weeks."

Is the notice to the owner thus provided for "appropriate to the nature of the case"? It will be observed that it is applicable to two classes of owners of lands upon which taxes are delinquent: (1) owner or owners who are nonresidents; (2) owner or owners who are unknown to the attorney for the State and after inquiry can not be ascertained. In the one case° the owner may be known, but he is a nonresident; in the other the owner is unknown to the attorney of the State and after inquiry can not be ascertained. In the latter case it is immaterial whether he is in fact a resident or nonresident, for his being unknown to the attorney for the State, and after inquiry can not be ascertained, are the facts which authorize the notice provided for. In either case actual notice can not be given or served upon the owner and, if judicial proceedings can be maintained to subject his land to the tax due upon it, the service must, from the very nature of the case, be constructive. If such notice is not such as comes within the meaning of due "process of law," the land escapes the burden of taxes it should bear in common with other lands of the same value, and resident landowners who are known must bear the increased burden of taxation laid upon their property by reason of the inability of the State to give such owners as are designated by the statute such notice of the proceedings against their land as will meet the constitutional requirement of due process of law. Thereby using the Constitution as a means of making scapegoats of such owners, by placing the burdens of government they should have upon residents of the State, whose open assertion of title makes them the known owners of property assessed for taxes. That such notice meets the requirement of "due process of law" or, what is the same thing, "the law of the land," is clearly demonstrated by these authorities: Murray's Lessee v. Hoboken Ld. Imp. Co., 18 How., 272; 15 L. ed., 372; Winona etc. Ld. Co. v. Minnesota, 159 U. S., 526, 40 L. ed., 247; Lent v. Tillson, 140 U. S., 316, 35 L. ed., 415; Johnson v. Hunter, 127 Fed. Rep., 219.

The notice provided by the statute quoted being appropriate to the nature of the case, the next question to be considered is whether the notice given in the proceedings, under which appellee claims, was in substantial compliance with the statute. This brings up the objections urged by the appellant. It is objected that, in as much as the owners of the land were the heirs of the original patentee and were unknown, the publication° of the notice should have been made for eight succes-

sive weeks in accordance with article 1236, Sayles' Civ. Stats. It is a sufficient answer to this objection that, though the owners of the land were the heirs of the patentee, and their names unknown to the attorney representing the State, they were nevertheless unknown to him and after inquiry could not be ascertained, which authorized the issuance of the notice provided for by Article 5232o Sayles' Civ. Stats. That they were the owners by inheritance from Underhill was simply an accident, of which the representative of the State may have been ignorant and was not charged by the law with knowledge of. It would have been a mere surmise or guess for the county attorney to have alleged in the petition that the owners of the land were the heirs of Thomas S. Underhill and to have caused such allegations to be incorporated in the notice; and to have conformed the notice to article 1236 might have, if not absolutely void, defeated the proceeding by citing parties who had no interest in the land. Besides, the notice provided for in the article last referred to is not such as the law provides for in special proceedings of the character under consideration, and could only have been resorted to, if at all, in the absence of a statute providing notice in cases of this kind. Dunn v. Taylor, 94 S. W., 347.

It is also objected that the notices given were not directed "To all persons owning, having or claiming any interest in the lands." If this objection is good, it shows the one just considered is of no force; for if it should have been addressed to the unknown heirs of Thomas S. Underhill, it should not have been directed as is here contended it should have been. But we do not believe the notices are obnoxious to the objection. It will be seen from reading them that they contain recitals not required by the statute, which should be treated as surplusage and as not affecting their validity; for immediately following such recitals, in a separate and distinct paragraph, is the notification "To Unknown Owner, and to all persons owning, or having, or claiming any interest," etc., in the exact language of the statute, following all its requirements. Each comes nearer conforming to the statutory requirements than the one considered in the case of State v. Unknown Owner, 103 S. W., 1116, which was held sufficient against a direct attack, made upon it in the very suit in which it was issued and published. If the notice in that case was good against a direct attack, *a fortiori* should those in question be held invulnerable to a collateral assault.

Again, it is urged that the affidavits of the county attorney upon which the notices were issued were insufficient. We have, in effect, anticipated and passed upon this objection by holding the affidavit of the county attorney to each petition good against the objection that the facts therein stated were true to "the best of his knowledge and belief." Each petition contained the allegations that "the owner or owners of the land are unknown to the attorney for the State and after inquiry can not be ascertained," and the affidavit to the allegations in the petition was to the existence of these facts. We can perceive no reason why the kind of affidavit prescribed by article 5232f of chapter 5a, title 104, Sayles' Civil Statutes, is not the one which should be made in cases brought against unknown owners to subject their land to delinquent taxes. If the attorney were required to swear

absolutely and unqualifiedly to the truth of the allegations which are essential to the issuance of the notice, some county attorneys would balk at the affidavit, and the State, in consequence, couldn't travel with her suits to enforce payment of delinquent taxes. The State in her administration of governmental affairs can not make, and never has undertaken to make, her county and district attorneys ironclad affidavit machines, and it would be mighty unreasonable for her to undertake to do so, considering such officers are lawyers. In view of the *knowledge* such an officer has, and the *belief* he can entertain, it is coming it pretty strong when he swears to "the best of his knowledge and belief," but he "can do it for a consideration"—more is not required or expected of him.

It is further contended by the appellant that, inasmuch as the statute requires the notice to state the amount of taxes due the county and State separately, and as the notices only stated the total sum due, they were fatally defective and did not confer jurisdiction on the court to render the judgments. The several sums due the county and State being stated in exhibits attached to the petitions, the appellants were deprived of no substantial right by reason of omission of the notice to state separately the sums due each, nor could they have been in any way injured by such omission. At most it was a defect that could only be taken advantage of by a motion to quash, a bill of reveiw, or in some direct proceeding to vacate the judgment; but, in our opinion, it was not such as rendered the judgments subject to collateral attack.

Again, the validity of the judgment is assailed upon the ground that the only return shown to have been made of the notice in each case was by the affidavit of R. C. McKinney, the publisher of the Alpine Avalanche, a newspaper published in the State of Texas, county of Brewster, at the city of Alpine, that they were published in said newspaper one time a week for three consecutive weeks previous to the return day thereof, no return having been made thereof by the sheriff, and no seal being affixed to the jurat of the officer taking McKinney's affidavit. It will be observed that the statute which prescribes the notice does not require that it shall be directed to the sheriff or any constable, as is generally prescribed for process or writs required to be executed by such officers. Indeed, the language of the statute would seem to negative the idea that it should be addressed to or placed in the hands of such officer to be executed; and we can perceive no reason why such a notice should be, unless for the purpose of adding costs to the proceedings. The only way that it can in fact be executed is by publication in the manner prescribed by the statute, and, as no method is prescribed for proving the fact of its execution, it would seem that whatever was sufficient to inform the court of such fact, would, when so informed, authorize it to proceed to judgment in a case where such notice is required; and that it should be presumed, in favor of the judgment against a collateral attack, that the court found that the notice was published in the manner and for the period of time required by statute. The officer who took the publisher's affidavits was the clerk of the court which tried the case, who was authorized to administer oaths, and the trial judge must have known

his official signature, and, though no seal was affixed to the jurat, have been satisfied that the affidavit was made and the notice published as stated therein. We think that article 1457 Rev. Stats., 1895, is authority for the service of the notice by the publisher of the newspaper, and for his affidavit being taken as evidence of his serving it in the manner prescribed by statute. The affidavit was not void by reason of the failure of the officer to affix his seal to the jurat, for it could have been amended by leave of the court by affixing the impress of the seal afterwards.

We have thus disposed of all the assignments of error which assail the jurisdiction of the court to render the judgments under which the appellee claims the lands in controversy; and, from the conclusions expressed, the ultimate conclusion follows that they are good as against the collateral attack made on them in this suit.

It was upon appellee's title under these judgments that we apprehend the trial court found in his favor; for, as the owners of the land had two years after it was sold to redeem, the statute of limitation did not begin to run in appellee's favor until that time expired, and as five years had not elapsed from that time when the suit was filed, the court could not have founded its judgment in his favor upon the statute of limitation. There is no error in the judgment and it is affirmed.

*Affirmed.*

Writ of error refused.