**UNDERWOOD et al. v. PIGMAN et al.**
(No. 2323.)

Court of Civil Appeals of Texas. El Paso. Oct. 24, 1929.

Rehearing Denied Nov. 14, 1929.

W. E. Lessing, of Abilene, for appellants. Henry Russell, of Pecos, for appellees.

PELPHREY, C. J. In the year 1919, G. M. Underwood was the owner of a tract of land in Ward county, Tex., consisting of 4.135 acres, and it appeared to have been assessed in his name for the years 1919 and 1920 on the tax records of Ward county.

At the January term of the district court for the Seventieth judicial district, a suit was brought by the county attorney of Ward county to collect taxes for said years as being then delinquent and to foreclose the tax lien on the property; the number of the case being No. 1270 on the docket of said district court. The suit was brought against "G. M. Underwood and all unknown persons the present owners of the said real estate, and complaining of the above named and all other parties owning, having or claiming any interest in the land herein mentioned, or any part thereof."

The county attorney made an affidavit that "G. M. Underwood and unknown parties, defendants in a certain suit for foreclosure tax lien, now pending in the District Court of said County, No. —— wherein the State of Texas is plaintiff, are unknown to affiant and after diligent inquiry their residence cannot be ascertained," and citation by publication was issued, published for three weeks previous to the return day.

The citation was addressed to G. M. Underwood and all unknown persons, and to all persons owning or having or claiming any interest in the property in question.

An attorney ad litem having been appointed by the court, judgment was rendered on the 13th day of January, A. D. 1922, in favor of the state of Texas, foreclosing the tax lien. An order of sale was issued, and sale made by the sheriff of Ward county on the 4th day of April, 1922, to Fielding and Long. A deed was executed by the sheriff to Fielding and Long in pursuance of such sale.

On July 21, 1926, Fielding and Long conveyed the property to appellee Pigman. On April 11, 1927, appellee J. D. Pigman filed suit in trespass to try title against appellants.

Appellants answered by general demurrer, special exceptions, plea of not guilty, and by a cross-action in trespass to try title, to remove cloud from title, and for rents and revenues.

In the cross-action, N. E. Fielding, J. H. Hicks, John Pigman, S. W. Estes, H. B. Dunagan, and the Coco-Cola Bottling Company, a firm composed of J. H. Hicks and others, were made defendants.

Appellees answered the cross-action by general demurrer, special exceptions, general denial, plea of not guilty, plea of the two and four year statutes of limitation, and estoppel.

Upon the trial, appellee Pigman took a non-

suit as to the cause of action stated in his original petition, and the cause proceeded to trial on the cross-action of appellants.

It is admitted that appellants are the heirs of G. M. Underwood, and that he died on September 18, 1919.

The cause was tried before the court, and resulted in a judgment against appellants on their cross-action.

The appeal is from that judgment.

### Opinion.

Appellant's brief contains twenty-four assignments of error, with eighteen propositions.

We shall not attempt to discuss them separately or in the order in which they appear in the brief, but shall discuss the questions presented which we think should control the disposition of the appeal in the order in which they occur to us.

The question which first occurs to us for consideration is whether this is a direct or collateral attack upon the judgment and the proceedings thereunder. In order to properly decide that question, we must first determine whether or not appellants were parties to the original tax suit and as such were bound thereby.

If they, as heirs of G. M. Underwood, were not made parties to the suit, then they would not be bound thereby, and their contention here would be neither a direct or collateral attack on the judgment, but rather a claim that, even though valid as against all who were parties thereto, it was of no binding effect as to them.

Are the allegations in the petition, naming "G. M. Underwood and all unknown persons the present owners of the said real estate, and complaining of the above named and all other parties owning, having or claiming any interest in the land herein mentioned, or any part thereof," as defendants, sufficient to include the heirs of G. M. Underwood? This question has been decided in the affirmative by the Court of Civil Appeals of Texas, in the case of Young et al. v. Jackson, 50 Tex. Civ. App. 351, 110 S. W. 74, in which case a writ of error was denied by the Supreme Court.

Therefore appellant's contention that the judgment in the tax suit was void, because of the insufficiency of the affidavit for publication is an attack upon the judgment, either direct or collateral.

Appellants admit in their brief that they are not attempting to set aside the judgment in the tax suit, but are suing in trespass to try title and to remove cloud from title; consequently any attack they make upon the validity of the judgment would be a collateral one, which the law does not permit except where the judgment attacked is absolutely void.

The judgment in the tax suit recited that "the defendants G. M. Underwood and all unknown owners, though duly cited by publication as provided by law," and that recital, in a collateral proceeding, imports absolute verity, Treadway v. Eastburn, 57 Tex. 209, and cannot be contradicted by other portions of the record, Chapman v. Kellogg (Tex. Com. App.) 252 S. W. 151.

Another question which seems to us to be vital is that of the validity of sale of this property by the sheriff. The judgment rendered by the court in the tax suit was against G. M. Underwood and all unknown owners, while the order of sale recited that the judgment was against J. M. Underwood and the unknown owners. The order of sale had indorsed thereon the number 1270, which was the number of the suit against G. M. Underwood and the unknown owners, and Bird S. Hayes, the district clerk of Ward county, testified that execution offered in evidence was the only one ever issued on the judgment.

It appears to us that G. M. Underwood, being dead, had no interest in the land at the time of suit, and was therefore not a necessary party to it. The unknown owners were the owners, and we think the order of sale correctly describes the judgment as to them, and was sufficient to pass the title which they had.

We deem it unnecessary to discuss the many questions presented in the brief, as we think the above two questions are controlling.

Appellants' assignments are overruled, and the judgment of the trial court is affirmed.

Affirmed.