**UNDERWOOD et al. v. PIGMAN et al.**
Nos. 1237–5617.

Commission of Appeals of Texas, Section B.
Nov. 26, 1930.

W. E. Lessing, of Abilene, for plaintiffs in error.

Henry Russell, of Pecos, for defendants in error.

SHORT, P. J.

This controversy involves the title to and possession of a small tract of land, containing something over four acres, in an addition to the town of Monahans in Ward county, Tex. The original petition was filed April 11, 1927, by J. D. Pigman against the plaintiffs in error, as defendants. This petition, in the main, is in the usual form of the action of trespass to try title. However, it contained allegations to the effect that the defendants, named in the petition, are the legal heirs of G. M. Underwood, who is alleged to have been the owner of the land at the time of his death and who is also alleged to have died intestate, owing the state of Texas taxes due thereon amounting to $45.90; that on the first day of November, 1921, the state of Texas filed suit against the unknown owners of said property, which owners, it is alleged, the defendants were, the number of said suit being 1270; that the county attorney of Ward county made affidavit that the owners of said property were to him unknown; that citation was issued by publication; that thereafter on January 13, 1922, judgment was rendered for said taxes and a foreclosure of the tax lien on said property was decreed; that execution was levied upon the property and the sale was advertised; that on the 4th day of April, 1922, the property was sold, by virtue of said proceedings, at which sale Frank Long and N. E. Fielding became the purchasers for the consideration of $81.51; that since said time Long and Fielding conveyed the property to the plaintiff J. D. Pigman for the consideration of $500; and that the defendants had actual knowledge of these proceedings, judgment being asked for the title and possession of the land described.

The defendants, who are the plaintiffs in error here, filed their original answer June 13, 1927; on January 19, 1928, they filed their first amended original answer; on June 6, 1928, they filed their second amended answer; on November 16, 1928, they filed their third original amended answer, and by way of cross-action complained of the plaintiffs, Pigman, N. E. Fielding, J. H. Hicks, John Pigman, Frank Pigman, S. W. Estis, H. B. Dunegan, and the Coco Cola Bottling Company. The defendants prayed that the plaintiff take nothing and that they have judgment for the title and possession of the land described in the plaintiffs' petition and that the cloud on their title be removed, for rents and for costs; they also prayed for general relief. In their cross-action, the defendants, the plaintiffs in error here, alleged that the property belonged to G. M. Underwood, their father, during the year 1919, up to September 18, 1919, when G. M. Underwood died, leaving as his sole heirs these defendants and his wife, P. A. Underwood; that one-half interest in the property became vested in the wife and the other one-half became vested in the children of G. M. Underwood, last named individuals being the defendants in this case; that on June 1, 1921, the wife, P. A. Underwood, died in Dallas county, Tex., leaving a will which was duly probated in the probate court of Dallas county on July 1, 1921, whereby said property became subject to administration under said will, all of which facts were well known to the county attorney of Ward county at the time suit No. 1270, was filed, or could have been ascertained by the use of ordinary inquiry; that these defendants were the owners in fee simple of said property subject to the provisions of said will and further administration thereunder; that said suit in cause No. 1270, seeking to foreclose a tax lien on the property, for taxes alleged to be due for the years 1919 and 1920, was unauthorized, in that the petition filed in cause No. 1270 did not allege that any of the owners of said property were, at the time of the filing of the suit, unknown to the plaintiff; that the service had, upon which judgment was rendered in cause No. 1270, based upon an affidavit which stated that "G. M. Underwood and unknown parties were unknown to affiant and that after diligent inquiry their residences cannot be ascertained"; that the notice which was caused to be published in the newspapers of Ward County gave "notice to G. M. Underwood and all unknown persons owning or claiming any interest in said land." There were other allegations attacking the proceedings had in cause No. 1270 which we do not deem necessary to state. The original answer, in addition to the special exceptions to the plaintiff's petition, contained a plea of not guilty, as well as a general denial.

The case was tried by the court without the intervention of a jury and judgment rendered reciting the fact that, the plaintiff G. M. Pigman having taken a nonsuit, his cause of action is dismissed, and that the defendants in the original suit, the plaintiffs in the cross-action, the plaintiffs in error here, take nothing, and that the parties named as defendants in the cross action recover their cost. To this judgment the defendants, the plaintiffs in error here, as such, and as plaintiffs in the cross-action, excepted and gave notice of appeal to the Court of Civil Appeals for the Eighth Supreme Judicial District.

In a response to the request of the defendants, the plaintiffs in error here, the court filed its findings of fact and conclusions of law. The defendants excepted thereto by filing exceptions, some of which findings we will mention. In the second finding of fact the trial judge says: "The plaintiffs in cross

action (evidently meaning the defendants in the suit filed by the original plaintiff) proved title from the State of Texas by a regular chain of conveyances to G. M. Underwood; they further proved that G. M. Underwood died intestate prior to the filing of Cause No. 1270 and that they were his only heirs. * * * In said Cause No. 1270 * * * wherein the State of Texas was plaintiff, and G. M. Underwood and the unknown owners of the land involved herein were defendants, a judgment was rendered on the first day of March 1922, * * * which judgment recites due service of citation, and is a judgment in favor of the plaintiff (the State of Texas) for the sum of forty-five dollars and ninety cents delinquent taxes and foreclosure of tax lien upon said real estate to secure the payment of said judgment. Said judgment is in proper form and recites due service of process upon said defendants herein, and appears to be a valid and binding instrument rendered at a regular term of court." In the third finding, among other things, the court said: "At the time said judgment was introduced in evidence, by the plaintiffs in cross action, the plaintiffs thereupon introduced in evidence an affidavit by the district attorney in said Cause No. 1270, to the effect that the residence of G. M. Underwood and the unknown *persons* were unknown to him; this affidavit did not recite that the names of the unknown owners were unknown. At the time the judgment was rendered and the order of sale was executed G. M. Underwood was dead and the owners of the property were the plaintiffs in cross action." (Evidently meaning also the defendants in the original suit). In the sixth finding the court says: "I further find that the only claim the defendants in cross action (evidently meaning the original plaintiff and other impleaded by the original defendants) have to such property is such title they receive through such sale."

The fact further appears, without contradiction, that G. M. Underwood died September 18, 1919, and that the suit was not filed until the 1st day of November, 1921. The affidavit made by the representative of the state is in this language: "Before me, the undersigned authority, on this day personally appeared Birge Holt, County Attorney of the County of Ward, Texas, who, being by me duly sworn, upon oath deposes and says, G. M. Underwood and *unknown parties*, defendants in a certain suit for foreclosure tax lien, now pending in the district court of said county, No. ———, wherein the State of Texas is plaintiff, are *unknown to affiant* and after diligent inquiry their *residence* cannot be ascertained, and affiant prays for citation by publication as the law provides." (Italics ours.)

The Court of Civil Appeals affirmed the judgment rendered by the district court. 21 S.W.(2d) 703. The application for the writ of error filed in the Supreme Court presents seven assignments of error, none of which, in our opinion, needs discussion except the first, which was the assignment upon which the writ was granted. That assignment is as follows: "The Court of Civil Appeals for the Eighth Supreme Judicial District of Texas erred in holding that the allegations in the tax suit, petition, naming 'G. M. Underwood and unknown persons, the present owners of the said real estate, and complaining of the above named and all other parties owning, having or claiming any interest in the land herein mentioned, or any part thereof,' as defendants, are sufficient to include the heirs of G. M. Underwood."

The Court of Civil Appeals affirmed the judgment of the district court upon the mistaken theory that in order for the defendants, the plaintiffs in error here, to successfully defend the suit brought against them, by the plaintiff, or to maintain their cross-action against the plaintiff and others impleaded with him, all of whom claimed the land in controversy, only by virtue of the proceedings had in cause No. 1270, it was necessary for them (the plaintiffs in error) to set aside the judgment rendered in cause No. 1270. We do not so construe the record in this case. This judgment, in so far as it affects the parties thereto, might be such a judgment as could not be attacked collaterally, by those who were parties to the action brought by the state in cause No. 1270; but we are not at liberty to say that it is, or is not, as the question is not before us. However, we do not think the defendants in this case were parties in cause No. 1270, and since they were not parties thereto they are not bound thereby. The record affirmatively shows, without contradiction, that the father of these plaintiffs in error acquired the fee-simple title to the land in controversy, by deed dated January 18, 1910, which was filed for record and duly recorded on February 3, 1910, and that G. M. Underwood continued to be the owner of said title, thus duly recorded, until his death on February 18, 1919, when he died intestate, leaving as his heirs at law his wife, who afterwards died testate, and the administration of whose estate was still pending when the petition in cause No. 1270 was filed, and these plaintiffs in error, as his children. The recording of this conveyance to G. M. Underwood, to the land in controversy on February 3, 1910, imposed upon him the duty, as the owner of the land, to pay, regularly, the lawful taxes assessed against him. The law also imposed upon the tax assessor of Ward county the duty to assess and list upon his rolls the land in con-

troversy in the name of the owner, if known, or, if unknown, as "Unknown Owner." Article 7205. The law also imposed upon the tax collector, annually, the duty to demand and receive of G. M. Underwood, as the owner, his name being listed as such owner by the assessor, such taxes so assessed. In the absence of proof to the contrary, it will be presumed that these officers performed these several duties, and that the land was so annually assessed in the name of G. M. Underwood and the collection thereof, annually, was made by the tax collector from G. M. Underwood, as such owner. The record also shows that the land in controversy was listed and assessed by the tax assessor on his rolls for the year 1919 and also for the year 1920 in the name of G. M. Underwood as the owner. A knowledge of these facts, by virtue of these records thus made, was imputed to the county attorney at the time he filed the petition in cause No. 1270, as well as at the time he made the affidavit heretofore quoted, and secured the publication of the citation. Article 7327. G. M. Underwood being dead at the time the suit was instituted, he could not have been a party defendant, but under the facts, shown by the record, without contradiction, his lawful heirs at law were necessary parties defendant. These lawful heirs were his wife, P. A. Underwood, shown to be represented at the time the petition in cause No. 1270 was filed, by the duly qualified executrix of her duly probated will, and these plaintiffs in error. None of these plaintiffs in error, as such heirs, or the representative of the widow's estate, were made parties in cause No. 1270, all of whom, as such, were the owners of the entire interest in the land in controversy.

▆▆▆ When the petition in cause No. 1270 was filed, the law then in effect, as well as now, was in this language: "The proper persons, including all record lien holders, shall be made parties defendant in such suit, and shall be served with process and other proceedings had therein as provided by law in ordinary foreclosure suits in the district courts of this State." Article 7328. The law applicable to the language, "and other proceedings had therein as provided by law in ordinary foreclosure suits in the district courts of this State," is declared in article 2040. This article, in effect, provides that where any property has accrued to the heirs as such, of any deceased person, if their names be unknown to the plaintiff (which is the state in this case, acting through its county attorney), he may bring an action against them, describing them as the heirs of such ancestor and that he shall make an oath that the names of such heirs are unknown to him, whereupon the clerk shall issue a citation for such heirs, that is, a citation by publication. The record shows that

this was not done in cause No. 1270. It further affirmatively shows that none of the heirs of G. M. Underwood appeared and answered the petition filed in cause No. 1270, but on the contrary it appears that the court appointed an attorney ad litem to represent the unknown defendants, and, as the heirs of G. M. Underwood had not been made defendants, and had not submitted themselves to the jurisdiction of the court, by voluntary appearance in that suit, the attorney ad litem did not, and could not, have had the authority to bind them by anything he may have done in the case.

▆▆▆ With the record in the condition we have indicated it to have been on the 1st day of November, 1921, when the county attorney of Ward county made the affidavit in cause No. 1270, in order to have given the district court of Ward county jurisdiction over the land in controversy, so as to have bound the plaintiffs in error as parties defendant in cause No. 1270, it was clearly and unmistakably the duty of the county attorney of Ward county, in order to secure a valid citation by publication, as against these plaintiffs in error, and to bind them by any judgment that might be rendered in the case affecting their interest in the land in controversy, to have filed a petition against the heirs of G. M. Underwood, alleging their names to be unknown to him, describing them as the heirs of G. M. Underwood, and to have made oath that the names of such heirs were unknown to the affiant. The record shows, beyond dispute and without contradiction, that the petition does not contain any allegations which could be construed to mean that the defendants, in cause No. 1270, were sued as the heirs of G. M. Underwood, nor does the affidavit made, state, even substantially, that the names of such heirs of G. M. Underwood were unknown to the affiant. The petition, as well as the affidavit, was part of the statement of facts. Upon the contrary, the petition alleges that G. M. Underwood owned the real estate at the time the taxes were assessed, clearly indicating that the county attorney intended to sue G. M. Underwood as the owner of the land, at the time the taxes were assessed against it, and as we have seen, G. M. Underwood was dead at the time the petition was filed, the proceedings could not have affected him individually.

▆▆▆ With G. M. Underwood, as a party defendant in cause No. 1270, eliminated by reason of the fact of his death at the time the suit was filed, the record shows, without contradiction, that G. M. Underwood appeared to have been the owner of the land from the date of the recording of his deed on February 3, 1910, in the deed records of Ward county, said deed being duly acknowledged, and with the presumption that the tax as-

sessor and tax collector had, annually, each performed his several duties in assessing and collecting taxes from said record owner for eight successive years, the law visited the state of Texas and her authorized agent, the county attorney of Ward county, when the petition in cause No. 1270 was filed, with notice of the contents of said deed, which recited, among other things, that G. M. Underwood, the grantee therein, resided in Ward county, Tex.. Article 6646, R. S. 1925. The Supreme Court of this state, speaking through Chief Justice Gaines, in Nunley v. Blanton, 103 Tex. 316, 126 S. W. 1110, held where the facts were substantially the same as the facts in this case, that owners of land holding under recorded deeds forming a chain of title, and under recorded decrees of partition, are not unknown owners, and they are not bound by a judgment for delinquent taxes rendered in a suit against unknown owners. Since G. M. Underwood was dead at the time the petition in cause No. 1270 was filed, and since he could not be a party, by reason of that fact, and since the other facts heretofore mentioned, visited notice upon the state that his heirs at law were the owners, though their names and their residences may have been unknown, the judgment rendered in cause No. 1270, by virtue of the proceedings conclusively established, was, as to the heirs of G. M. Underwood, the plaintiffs in error here, void, however valid it may have been against others, who were not such heirs, and in case at bar the plaintiffs in error, under either their plea of not guilty or the allegations in their cross-action, could show, as they did, that they were the heirs of G. M. Underwood, and as such heirs held fee-simple title to the land in controversy, and could further show, as they did, that the proceedings in cause No. 1270, including the judgment rendered therein, and the sale made thereunder, were ineffectual to impair their title thereto. In other words, these plaintiffs in error were entitled to show, as they did, that they were proper persons to be made parties defendant in cause No. 1270 and that they were entitled to be served as such defendants with process, in such suit to which they were parties defendant, none of which was done.

The plaintiffs in error, in their cross-action, alleged that the property in controversy had a rental value and introduced some testimony in support of this allegation. The trial judge, having denied to the plaintiffs in error any relief, sought, under their cross-action as to the title and right of possession to the property, was under the necessity to deny the recovery of any rents that might have been alleged and proven, and as the Court of Civil Appeals affirmed this judgment of the trial court, it likewise was under the necessity to ignore any assignment which may have been made with relation to the action of the trial judge touching the question of rents.

In view of the situation portrayed in the last paragraph of this opinion, while we recommend that the judgments of the Court of Civil Appeals and of the trial court be reversed, we further recommend that the case be remanded with instructions to the district court of Ward county to enter judgment in favor of the plaintiffs in error and against those impleaded by them in their cross-action for the title and possession of the land in controversy, with costs and writ of possession, and to hear testimony, if any should be presented, with reference to the question of rents and enter such judgment as the facts found by the trial judge, pertaining thereto, shall authorize.

CURETON, C. J.

Judgments of the district court and Court of Civil Appeals both reversed, and cause remanded, with instructions recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the question discussed in its opinion.