**Sam UNDERWOOD et al., Plaintiffs in Error, v. J. D. PIGMAN et al., Defendants in Error.**

Motion No. 9401; No. 1237—5617.

Commission of Appeals of Texas, Section B. April 1, 1931.

W. E. Lessing, of Abilene, for plaintiffs in error.

Henry Russell, of Pecos, for defendants in error.

SHORT, P. J.

On the 26th day of November A. D. 1930, the Supreme Court rendered judgment in this case in favor of the plaintiffs in error for the title and possession of the land in controversy, reversing the judgments of the district court and of the Court of Civil Appeals [21 S.W.(2d) 703], but remanded the case, with instructions to enter judgment for the title and possession of the land in favor of the plaintiffs in error, and also to hear testimony on the question of rents and enter such judgment as the facts might warrant with reference to such question. 32 S.W.(2d) 1102.

The defendants in error have not filed any motion for rehearing, but the plaintiffs in error have filed a motion to the effect that they do not claim anything for rents on the land sued for, but upon the contrary waive any such claim for rents, and pray that the judgment of the Supreme Court so rendered on the 26th day of November, 1930, remanding the said cause, with instructions, be set aside, and that judgment be rendered by the

Supreme Court that the plaintiffs in error, Sam Underwood, J. B. Underwood, Mrs. B. Beaty and her husband, W. R. Beaty, Miss May Underwood, Mrs. Ola Keithley and her husband, J. M. Keithley, Della Shelby and her husband, C. M. Shelby, take nothing by reason of their plea for rents against the defendants in error, and that they recover of and from the defendants in error, J. D. Pigman, N. E. Fielding, J. H. Hicks, John Pigman, Frank Pigman, S. W. Estis, H. B. Dunagan, Coca-Cola Bottling Company, a firm composed of J. H. Hicks and others, the names of the others being unknown, the title and possession of the land described in the cross-action of plaintiffs in error, as follows: "All that certain tract or parcel of land lying and being in the county of Ward, State of Texas, containing four and 135/1000 acres (4.135) acres of land, and being a part of Section Fifty-one (51), Block 'N' originally granted to Gunter and Munson, Maddox Bros. and Anderson and described by metes and bounds as follows: Beginning at the S. E. corner of the 10 acre tract owned by M. M. Cox and the S. W. corner of 4.135 acre tract known as the Mrs. Maud Hocker tract, said beginning corner being at a point on the South boundary line of Monahans Town plat tract, a distance of 666 feet South 16½ degrees East from the S. E. corner of Block No. 25, of Monahans, Texas; Thence S. 16½ Deg. E. Six-hundred and sixty-six feet (666 ft.) to the S. E. corner of 10 acres known as the W. F. Stewart tract; Thence No. 73½ Deg. E. 270 feet for corner; Thence N. 16½ Deg. W. 666 feet to S. E. corner of Mrs. Maud Hocker tract (4,135 acres); Thence South 73½ Deg. West along and with the South boundary line of said Mrs. Maud Hocker Tract 270 feet to the place of beginning and conveyed to W. F. Stewart by G. B. Devall on the 4th day of October, 1905"—and that a writ of possession issue to plaintiffs in error, as provided by law, and that the plaintiffs in error recover of defendants in error all costs.

Service of this motion for judgment and waiver of rents has been waived by the defendants in error, who enter their appearance upon said motion. We think the motion should be granted.

We therefore recommend that the Supreme Court grant said motion and that the following judgment be entered, to wit:

It is considered, adjudged, and decreed by the Supreme Court of Texas that the judgment of said Supreme Court so rendered on the 26th day of November, 1930, remanding said cause, with instructions, be set aside, and that judgment be and the same is here rendered in accordance with the above-stated prayer in favor of the above-named plaintiffs in error against the above-named defendants in error for the title and possession of the above-described land, and that a writ of possession issue to plaintiffs in error, as provided by law, and they recover of the defendants in error all costs for which execution may issue.

### On Rehearing.

CURETON, C. J.

Previous judgment vacated, judgments of the district court and Court of Civil Appeals reversed, and judgment here rendered for plaintiffs in error, as recommended by the Commission of Appeals.