HECK & BAKER v. JOHN A. MARTIN.

No. 2647.

**Collateral Attack of Judgment in Justice Court.**—In a suit in a Justice Court against two parties who had been partners, judgment was rendered against the defendants individually, the judgment reciting that the defendants were duly served, and that they appeared in person and by attorney and announced ready for trial. An execution issued under the judgment, under which a city lot, the individual property of one of the defendants, was sold. In suit against the purchasers for the lot, brought by the defendant in the Justice Court judgment who had owned the lot, *held:*

1. All reasonable presumptions should be indulged in support of the judgment.

2. The recital showing affirmatively personal service on and appearance by the defendants, the papers in the case being lost, it was incompetent to prove the want of service, and to contradict the recital of appearance in the Justice Court.

3. The recitals showed a valid judgment, and the execution sale passed the title.

APPEAL from Tarrant. Tried below before Hon. R. E. Beckham.

The opinion states the case.

*Hunter, Stewart & Dunklin,* for appellants.—Courts of justices of the peace being created by the Constitution, exercise within their defined limits general exclusive jurisdiction, and the judgment of the Justice Court, when rendered apparently within the ordinary scope of its power and jurisdiction, and showing all the facts necessary to give the court jurisdiction, as in this case, can not be collaterally attacked as void; and the judgment of the Justice Court under which appellants claim being regular, in due form, and showing all the facts necessary to give the court jurisdiction, and the execution, levy, sale, and sheriff's deed all being regular and in due form, the law was for the appellants, and the court should have so found. Holmes v. Buckner, 67 Texas, 107; Williams v. Ball, 52 Texas, 603; Fitch v. Boyer, 51 Texas, 336; Tennell v. Breedlove, 54 Texas, 540; Treadway v. Eastburn, 57 Texas, 209.

*J. A. Holland,* for appellee.—Where a partnership is sued as such,. neither of the partners is a party to the suit (in his individual capacity) until he is served with citation. Before the individual property of a mem-- ber of a partnership can be levied on and sold in a case where such firm. is sued for firm indebtedness, the individual member must be first served with citation, and a judgment must be rendered against him as an indi- vidual. Rev. Stats., arts. 1224, 1346; Hedges, Williams & Son v. Armi-- stead, 60 Texas, 276; Burnett & Ross v. Sullivan & Drennan, 58 Texas, 535..

HOBBY, JUDGE.—Action of trespass to try title in the usual form,. brought by appellee Martin against Heck & Baker, appellants, to recover a lot described as lot No. 3, block 32, in Jennings' south addition to the city of Fort Worth. Defendants answered by general demurrer, general denial, and plea of not guilty. There was judgment for the plaintiff (appellee), from which defendants (appellants) appeal.

It was agreed that both parties claim under J. L. Sandidge as a common source of title. On February 20, 1884, Sandidge executed a deed to ap- pellee for the land, which was duly acknowledged and recorded.

The appellants claim title to the lot in question under a deed from the sheriff of Tarrant County, dated the 5th day of January, 1886. On the 13th day of November, judgment was rendered in Justice Court of Pre- cinct No. 1, Tarrant County, Texas, in favor of J. G. Reily and against, the appellee J. A. Martin and one R. M. Bowman, for the sum of $103, with interest at 12 per cent per annum, and cost, including 10 per cent. attorney fees. On the 25th day of November, 1886, an execution issued on said judgment against said J. A. Martin and R. M. Bowman, and was on the 28th day of said month levied on the lot in question as the property of said Martin, and on the 5th day of January, 1886, following, said lot was. sold by the sheriff of Tarrant County and bought by the appellants Heck & Baker, who paid therefor the sum of $400. The lot was the individual property of Martin, and had never been the partnership property of Bow- man & Martin.

The judgment of the Justice Court under which appellants Heck & Baker claim is in due form and regular upon its face. It recites that citation was issued on the 26th day of September, 1885, returnable to the October Term of said court, and that it was returned duly executed on Bowman & Martin, and Sam Kline, of Freeberg, Kline & Co. The judgment was rendered on the 13th day of November, 1885, and further recites: "This cause this day coming on to be heard, the parties ap- peared in person and by attorney and announced ready for trial." After the formal part, the judgment further reads: "It is therefore considered and adjudged by the court that the plaintiff John G. Reily do have and recover of defendants J. A. Martin and R. M. Bowman, lately compos- ing the firm of Bowman & Martin, the sum of one hundred and three dol--

lars ($103), being principal and interest of the note sued on, together with 12 per cent interest from date hereof, and all cost in this behalf expended, as well as the sum of $10 attorney fee stipulated in said note." It was agreed that an execution issued on the judgment the 25th day of November, 1885, that the same was in all things regular, and was against J. A. Martin and R. M. Bowman; that on the 28th day of November, 1885, it was levied on the lot in controversy, and on the first Tuesday in January, 1886, the said lot was sold under said execution, and was bought by Heck & Baker, appellants herein, who paid the purchase money therefor and took the sheriff's deed to the same.

Appellee Martin testified, over appellants' objections, that he was not served with citation in said case in the Justice Court, and that he did not appear in said case upon the trial thereof, either in person or by attorney, and that he did not authorize any one to appear for him, and that he did not know that said judgment was rendered against him until after said lot was sold.

L. N. Cooper was also permitted, over objections of appellants, to testify that he was attorney for J. G. Reily in the case of Reily v. Bowman & Martin in the Justice Court, and that it had been a long time ago, and he did not remember distinctly whether J. A. Martin was served with citation or not, but that it was his impression that he was not; that Martin was not represented in said cause by any attorney. To all of which evidence of the said Martin and Cooper appellants duly excepted.

The original papers in the suit of J. G. Reily v. Bowman & Martin et al. were lost.

First assignment: "The court erred in admitting the evidence of Martin and Cooper to the effect that Martin had not been served with citation in the case of J. G. Reily v. Bowman & Martin et al., and did not in fact appear in said case at the trial in the Justice Court, nor authorize or employ counsel to appear for him in said case, as is recited in the judgment in said case, because the evidence contradicts the judgment in said case, and is wholly inadmissible on the trial of a collateral action, as in this case, and shown by bill of exception herein filed."

Second assignment of error: "The finding and judgment of the court is in no wise supported by the evidence, but is wholly contrary to the evidence, in this: The judgment of the justice of the peace is regular on its face, and recites that the parties to the suit appeared in person and by attorneys, and is rendered against J. A. Martin and R. M. Bowman, lately composing the firm of Bowman & Martin, and is not exclusively a judgment against the firm, if it is at all. The agreement of counsel supplied the execution which was lost. The sheriff's deed is regular, and in all respects good and perfect, and Heck & Baker were outside third parties, who bought relying on the face of the record in that Justice Court case; and the evidence in all respects established the title in Heck & Baker,

and showed that it had been divested out of the plaintiff; and the entire evidence of plaintiff impeaching the justice record was wholly incompetent and inadmissible, so that there is no evidence to support the judgment in this case."

The appellee contends that he was not attempting to attack the judgment of the Justice Court, collaterally or otherwise, but claims that the judgment was not against him as an individual, but only as a member of the firm of Bowman & Martin. That the execution by virtue of which the lot was sold was issued against J. A. Martin and R. M. Bowman, lately composing the firm of Bowman & Martin, and not against appellee as an individual, but only as a member of the firm.

The rule is well recognized in this State that Justice Courts being created by the Constitution, are within their defined limits tribunals of general jurisdiction, and as such all reasonable presumptions should be indulged in support of the validity of their judgments. Holmes v. Buckner, 67 Texas, 107; Williams v. Ball, 52 Texas, 503. "If the recitals in the record show affirmatively that the court was without jurisdiction as to the person or the subject matter, no such presumption would obtain, because it would contradict the judgment itself, and destroy the rule inhibiting its impeachment in a collateral proceeding. In determining whether such judgment affirmatively shows that there has been the service of citation authorizing it, the entire decree must be looked to and considered; and if that portion of it relating to the question discloses that there was no service, or service so defective that a judgment by default thereon would be void and not voidable, and the remainder of the record is silent, and there appears no finding of the court from which it may be inferred that there was either service or an appearance, then the absence of jurisdiction would affirmatively appear. * * * If, however, other parts of the record, and particularly the judgment, which is the final act of the court, entered upon full consideration of all the facts before it, should, as in the present case, show the due service of process or other facts which would give the court jurisdiction of the person, then it would affirmatively appear that such jurisdiction attached, and the rule would apply that in a collateral proceeding the recitals import absolute verity, and can not be contradicted." Treadway v. Eastborn, 57 Texas, 209; Freem. on Judg., sec. 130.

Applying the principles to the judgment in the case before us, there can be no doubt, we think, from its recitals, that it was against J. A. Martin and R. M. Bowman individually. That the service was on both Bowman and Martin is shown by the language that "the parties appeared in person and by attorney," together with the further recital that the citation was "returned duly executed on Bowman & Martin, and Sam Kline, of Freeburg, Kline & Co." If it had been served on Bowman *only*, it is reasonable to suppose that the return would have shown service

on "Bowman, of the firm of Bowman & Martin," as in the case of "Sam Kline, of the firm of Freeburg, Kline & Co." Again, the recital of the recovery in the judgment, the final act of the court, was against "the defendants J. A. Martin and R. M. Bowman, lately composing the firm of Bowman & Martin." This it is to be presumed under the operation of the rule already stated " was entered upon full consideration of all the facts before the court" necessary to authorize such act, and with the knowledge that the recovery was authorized by the service of process.

The appellants were purchasers of the lot involved in this suit for a valuable consideration; they were strangers to the original judgment against appellee. They were required to look only to the judgment and execution. There was nothing upon the face of either showing the want of jurisdiction over the person of appellee. Four hundred dollars were paid by the appellants for the land, and there is no tender of any portion of the same by appellee. We do not think that it was competent in this collateral proceeding for the appellee to impeach or contradict the recitals in the judgment referred to. The court erred, we think, in permitting this to be done by the admission of the evidence to which the appellants objected. There was error also in not rendering judgment for the appellants.

The judgment should be reversed and here rendered for appellants.

*Reversed and rendered.*

Adopted December 10, 1889.