**STATE MORTGAGE CORPORATION v. AFFLECK et al.**

No. 1281—5741.

Commission of Appeals of Texas, Section B.

June 9, 1932.

N. W. Palmer, of San Antonio, and Wallace & Taylor, of Dallas, for plaintiff in error.

W. Y. McFarland, Don A. Bliss, and Bliss & Daffan, all of San Antonio, for defendants in error.

SHORT, P. J.

The plaintiff in error, a corporation, filed this suit in trespass to try title in one of the district courts of Bexar county to recover the title and possession of two lots of land described as lots 19 and 20, B. 11, C. B. 4027, in Bexar county, Tex., against John F. Affleck and unknown heirs of John F. Affleck, and the estate of D. M. Poor, deceased, and Ellen M. Greenwood as individual executors of D. M. Poor, deceased, and all unknown owners or claimants of the property described. The defendants in that suit were cited by publication. In answer to the citation by publication, Elizabeth Affleck, the surviving wife of John F. Affleck and Elizabeth Affleck being the sole heir of John F. Affleck, deceased, answered by plea of not guilty and by filing a cross-action. In this cross-action the defendants, who are the defendants in error here, alleged that the plaintiff, who is the plaintiff in error here, claimed title to the land described in its petition under a judgment rendered by the same district court in which this case was pending on January 22, 1924, in a case wherein the state of Texas was plaintiff and John F. Affleck, the unknown heirs of John F. Affleck, and all unknown owners were defendants, in favor of the state for the sum of $147.97, the amount of taxes, interest, and cost due on lots 19 and 20, block 11, county block 4027, in Bexar county, foreclosing an alleged tax lien on said property securing the payment of $33.46, the alleged amount of taxes, and for interest, cost, and penalties; and under an order of sale dated February 6, 1924, and under sale of said property made by the sheriff of Bexar county to the plaintiff in error, the date of said sale being March 4, 1924, under a sheriff's deed made by the sheriff to the purchaser. The defendants in error then alleged that this judgment was absolutely invalid, as well as the order of sale, and the sale thereof and the sheriff's deed, for the reason that in said suit no legal citation was ever issued or served on the defendants in said cause. The plaintiff in error also pleaded four-year statute of limitation in bar of the defendants in error's cross-action. There was a trial to the court without the intervention of a jury, wherein judgment was rendered against the plaintiff in error and in favor of the defendants in error, being the surviving wife of John F. Affleck, who was shown to have been deceased at the time the original suit was filed, wherein judgment was rendered in favor of the state for unpaid taxes; that the defendants in error recover of the plaintiff in error, on their cross-action, the title and possession of the land in controversy. The trial judge filed his findings of fact and conclusions of law, some of which will be noted in this opinion. Upon an appeal to the Court of Civil Appeals at San Antonio, the judgment of the district court was affirmed. 27 S.W.(2d) 548. The writ of error was granted upon the alleged conflicts.

■ The Court of Civil Appeals held in its opinion that article 7342, R. S. 1925, having reference to service or process in tax cases, is the only statute which provides for such service, and that articles 2039, 2043, R. S. 1925, only applies to the manner of procuring service in all other cases, but not in tax cases. The first assignment of error challenges the correctness of this conclusion of the Court of Civil Appeals, and we think the assignment must be sustained. It is true that the affidavit of the county attorney of Bexar county is not set in hæc verba in the record, but the substance of it is stated in the citation by publication, being to the effect that it stated the residence and whereabouts of John F. Affleck, and the names, residences, and whereabouts of the unknown heirs of John F. Affleck were unknown. Article 7342 provides that, "Whenever the owner or owners of any lands * * * are non-residents of the State, or the name of the owner or owners * * * be unknown, then, upon affidavit of the attorney for the State setting out that the owner or owners are non-residents, or that the owner or owners are unknown to the attorney for the State and after inquiry cannot be ascertained, said parties shall be cited and made parties defendant by notice" duly issued and served by publication. It will be noted that the state sued

John F. Affleck as the owner of this property, alleging that his whereabouts were unknown, but it further appears that John F. Affleck was dead at the time this suit was instituted and therefore the suit was not against John F. Affleck in reality, though it is stated that John F. Affleck was the known owner, but that his whereabouts were unknown. John F. Affleck being dead at the time the suit was instituted, the provisions of article 7342 were not applicable to the facts in this case as afterwards developed. Evidently the making of John F. Affleck as party defendant in the original suit was an irregularity, since no process could have ever reached John F. Affleck, and all proceedings as to him were nullities.

When the county attorney of Bexar county, as agent for the state, filed the original suit, the owner of these two lots of land was not unknown, and therefore article 7342 could not have been the law applicable to this fact; nor does it appear that any of the owners of either of these two tracts of land were nonresidents of the state, and for this reason article 7342 could not be made applicable to the facts in this case, so, unless there was some other statute applicable to the situation, the state would be powerless to subject any property, situated as this property was, to the payment of taxes due thereon, by reason of any tax law. We do not think, that the Court of Civil Appeals was correct in holding that article 7342 is the only statute which provides for service in this character of case, but that article 2039 and also article 2040 are intended to be used in proper cases, among which we think the original case involved in this case was one, in order for the trial court to acquire jurisdiction of the subject-matter over the owners of lands against which liens are sought to be fixed for taxes due by such owners. State Mortgage Corporation v. Ludwig (Tex. Sup.) 48 S.W.(2d) 950; Brown v. Bonougli, 111 Tex. 275, 232 S. W. 490; Harris v. Mayfield (Tex. Com. App.) 260 S. W. 835.

▪ An inspection of the record in this case demonstrates, at least inferentially, that the county attorney of Bexar county did not make an affidavit strictly in accordance with the provisions of either article 2039 or of article 2040, and that in a direct attack upon the original judgment rendered in the tax suit, by the proper parties against the proper parties, the judgment rendered in that suit might have to be set aside on account of the failure of the affidavit of the county attorney of Bexar county to contain the necessary requisites of either one of these statutes, but this is not a direct attack upon said original judgment, and, since that judgment recites that the defendants had been duly cited by publication, it must be presumed, as a matter of law, that the defendants were duly cited. The recital in the judgment, which was the last act of the court in that case, reciting that "the defendants, although duly cited by publication, came not, but wholly made default," imports, in collateral proceedings, absolute verity. Murchison v. White, 54 Tex. 82; Treadway v. Eastburn, 57 Tex. 209; Heck v. Martin, 75 Tex. 472, 13 S. W. 51, 16 Am. St. Rep. 915; Williams v. Haynes, 77 Tex. 285, 13 S. W. 1029, 19 Am. St. Rep. 752; Martin v. Burns, 80 Tex. 679, 16 S. W. 1072; Crawford v. McDonald, 88 Tex. 626, 33 S. W. 325; Levy v. Roper, 113 Tex. 356, 256 S. W. 251; Harrison v. Orr (Tex. Com. App.) 296 S. W. 871.

The record in this case shows without dispute that John F. Affleck, at the time of his death, the date of which is not shown, was a married man who left a surviving wife and several children. These children, at the time this suit was instituted, appear to have been adults, from which we conclude that John F. Affleck had married more than 21 years prior to the time this suit was instituted. The trial judge, among other findings of fact, none of which are assailed, finds that John F. Affleck was the owner in fee of the property in controversy and was and is the common source of title as between the parties to this lawsuit, and that John F. Affleck is dead, and was dead at the time of the filing of the tax suit, and the defendants herein are his sole and only heirs at law. The tax suit was filed by the state September 10, 1923, and judgment was rendered January 23, 1924, against John F. Affleck, the unknown heirs of John F. Affleck, and all unknown owners for the sum of $33.46 taxes, and the further sum of $108.51 as interest, penalties, and cost. The judgment recites that this total amount was due on separate parcels of land and the lien was foreclosed on each of said parcels as it existed at the time of the respective delinquencies; the period of delinquency extending from the year 1895 to 1922, all years inclusive.

▪ The proceedings in the tax suit were summary in nature, since none of the defendants were present in person or by attorney, of their own selection, but were only represented by an attorney appointed by the court charged with that duty. Under such a situation the purchaser must show strict compliance with the statutes, and show not only that everything was done, but that it was done exactly as prescribed. As has been seen, the citation issued and published was sufficient to confer jurisdiction over the unknown heirs of John F. Affleck, but were not sufficient to bind any one else except the unknown heirs of John F. Affleck, so as to confer jurisdiction of the court and authorize any judgment to be rendered affecting the interests of any one except the heirs of John F. Affleck in the lands described. It does not appear that the surviving wife of John F. Affleck, one of the defendants in error in

this case, was an heir of John F. Affleck. It is more reasonable to conclude that from all the facts in the case the property was the community estate of herself and her deceased husband, wherein she was the owner of an undivided one-half interest. The fact that the title was in the name of the husband was not a material one, so far as this question is concerned. The finding of fact by the trial judge, that John F. Affleck was dead at the time the tax suit was filed, affirmatively shows that John F. Affleck could not have been either a proper or necessary party in that case. It may have been true that John F. Affleck was dead at the time each of the assessments for taxes against each of the parcels of land, during the several years they became delinquent, had accrued, the record being silent on this subject. The assessment rolls were not introduced in evidence. It may have been that John F. Affleck rendered these two tracts of land in solido each year, and, if this course was pursued, the rendition was in accordance with law. Richey v. Moor, 112 Tex. 493, 249 S. W. 172. However, it may have been that even though John F. Affleck was alive at the time these taxes accrued on these two tracts of land, yet he did not render them. In this event it was the duty of the agents of the state, charged with the assessment of taxes against lands, to enter on the assessment rolls a rendition of each tract, and to assess against each tract the proper amount as taxes. The general rule is that taxes are a lien on property to the extent only of the taxes due on that particular piece of property. Section 15, article 8, of the Constitution, so provides, and the Legislature has, by appropriate enactments, made provision for the assessment and collection of taxes in accordance with this section of article 8 of the Constitution, by prescribing a certain procedure to be followed by these tax assessing and tax collecting officers.

Since John F. Affleck was dead at the time the tax suit was filed, and since the record does not show that he may not have been dead when the two pieces of land were rendered for taxation, and since the record further shows that the heirs of John F. Affleck did not render these lands for taxes, and since the record also shows that John F. Affleck, at the time of his death, was a married man having children, all of whom were more than 21 years of age when this suit was filed, and since the record is sufficient to support the judgment rendered in favor of the defendant, Elizabeth Affleck, to the extent that she was not an heir of John F. Affleck, and yet it may be true that the property involved was the separate estate of John F. Affleck, and since it also may be true that the property involved was not assessed for taxes by John F. Affleck, or any one representing him, we are of the opinion that the case has not been fully developed, and that upon another trial all the parties may be able to present further proceedings and further facts material to the issues in the case, so that the courts may render a proper judgment in the premises, in accordance with the law and the facts, and that while the judgments of the trial court and the Court of Civil Appeals must be reversed, we are of the opinion the ends of justice demand that the case should be remanded rather than rendered.

We therefore recommend that the judgments of the Court of Civil Appeals and the district court be reversed, and that the case be remanded to the district court for further proceedings.

CURETON, C. J.

The judgments of the district court and Court of Civil Appeals are both reversed, and cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.