**STATE et al. v. BAGBY'S ESTATE et al.**

No. 5624.

Court of Civil Appeals of Texas.
Texarkana.

March 2, 1939.

Shirley W. Peters, of Dallas, for appellants.

C. A. Holloway, of Clarksville, for appellees.

WILLIAMS, Justice.

This is a suit to enforce a tax lien for delinquent taxes due to the State of Texas, County of Red River, and Road District No. 1 in said county, on Lots 5 to 8, inclusive, Block 5, in Clarksville, Texas. Clarksville Independent School District in-

tervened as a party plaintiff to enforce its tax lien on the property. Mann Bagby rendered these lots in gross for taxation in the name of "Estate of Ada Bagby, deceased." The tax rolls of Red River County carried the property for the years here involved as assessed to "Estate of Ada Bagby, deceased," and last known address "Clarksville, Texas." Mann Bagby of Clarksville, Texas, and all the unknown heirs and assigns of Ada Bagby, deceased, were named defendants in the petition. The attorney representing the State made affidavit attached to the petition that "the names of the heirs of Ada Bagby, deceased, parties to said suit, are unknown to affiant." Citation by publication was issued for "the heirs of Ada Bagby, deceased, whose names are unknown," and caused to be published by the sheriff of said county in the manner and for the length of time as provided for under Articles 2039 and 2040, R.C.S. of 1925. Mann Bagby was served with personal citation. He did not answer. On a hearing the court sustained a motion to quash the citation by publication urged by the attorney ad litem theretofore appointed by the court. Plaintiff declining to amend or cause further process to issue, the court dismissed the cause as to defendants cited by publication and rendered judgment in favor of plaintiff and intervenor by default against Mann Bagby.

The Court sustained the motion to quash the citation by publication on the grounds that: (1) The affidavit on which the citation was issued failed to recite "that after inquiry the names of the unknown heirs cannot be ascertained;" (2) the pleadings failed to disclose any effort on the part of plaintiff's attorney to ascertain from Mann Bagby the names of such heirs, and the evidence discloses that this attorney did not call upon Mann Bagby and make inquiry; (3) that this citation reflected the gross amount of taxes claimed, but failed to specify the amount claimed by each party plaintiff; and (4) that intervenor had not obtained service upon any of the defendants named in the suit.

■ The provisions of Chapter 10, Title 122 (taxation) of R.C.S. where applicable will control the procedure questions in tax foreclosure suits here presented. 40 T.J. p. 241; Young v. Jackson, 50 Tex.Civ. App. 351, 110 S.W. 74, writ refused; Rousset v. Settegast, Tex.Civ.App., 210 S. W. 219; Article 7342, R.C.S. of 1925, under this Title provides that "whenever

* * * the name of the owner or owners of said * * * lots be unknown, then, upon affidavit of the attorney for the State setting out that the * * * owners are unknown to the attorney for the State and after inquiry cannot be ascertained, said parties shall be cited and made parties defendant by notice * * *." This article then prescribes the form of such notice and provides for publication once each week for three consecutive weeks. The last expression of the Legislature governing the procedure to be followed in suits on delinquent taxes and to enforce tax liens was enacted in 1937, designated as Article 7345b, Vernon's Annotated Statutes of Texas. This act also provides for the issuance and service by publication of notice in suits against unknown owners. Neither Article 7342 nor 7345b, supra, provides in express language for the issuance and service of notice by publication upon unknown heirs who may be the owners of realty in tax suits. There is no other statute under Chapter 10, supra, that expressly provides for the issuance and service of citation or of notice by publication upon unknown heirs as owners of realty.

■ Heirs of a deceased person whose muniment of title is of record are not unknown owners of real estate, but are known owners, even though the names of such heirs are unknown. Therefore the provisions of Article 7342, supra, are not applicable in obtaining issuance and service of notice by publication upon unknown heirs as owners of property in tax suits. Williams v. Young, 41 Tex.Civ.App. 212, 90 S.W. 940, writ refused; State Mortgage Corp. v. Affleck, Tex.Com.App., 51 S.W. 2d 274, 275, and decisions there cited; Underwood v. Pigman, Tex.Com.App., 32 S. W.2d 1102.

■ In Underwood v. Pigman, supra, the Commission of Appeals considered, as here, the procedure to obtain the issuance and service of notice or citation in, "tax suit upon unknown heirs as owners." The court there gave effect to the provisions of Article 7328 under Chapter 10, which reads: "The proper persons * * * shall be made parties defendant in such suit, and shall be served with process and other proceedings had therein as provided by law in ordinary foreclosure suits in the district courts of this state." The court concluded that the law applicable to the quoted portion of said article is declared in Article 2040, R.C.S. The Commission of Ap-

peals in State Mortgage Corp. v. Affleck, supra, likewise held Article 2040, R.C.S. applicable and advanced the further reason [51 S.W.2d 276]: "Unless there was some other statute applicable to the situation, the state would' be powerless to subject any property, situated as this property was, to the payment of taxes due thereon, by reason of any tax law." Section 3 of Article 7345b enacted subsequent to the foregoing decisions contains a provision substantially the same as quoted above from Article 7328. Section 13 of Article 7345b provides: "The provisions of Chapter 10, Title 122 of the Revised Civil Statutes of 1925 shall govern suits brought under this Act except as herein provided." Article 2040 provides that if the plaintiff, his agent or attorney, shall make oath that the names of such heirs are unknown to the affiant, "the clerk shall issue a citation for such heirs * * *." It is apparent that this tax suit was being prosecuted against the unknown heirs of Ada Bagby, deceased. The affidavit made by the attorney for plaintiff complied with the requirements of this article.

■■ The State of Texas, Red River County, and Road District No. 1 of Red River County were named as plaintiffs in this citation. The citation describes the amount of taxes due as follows: "The said * * * lots ‹are situated in * * * and are described on said tax rolls as follows, together with the amount of taxes that are charged against each tract or assessment as follows: Lots 5 to 8, Block 5, * * * City of Clarksville in amount of $67.54. Penalties, interest and all costs allowed by law are to be calculated in accordance to law and added to above amounts." Section 3(c), Article 7345b requires a citation by publication to state "the amount of the taxes due each party plaintiff and intervener, exclusive of interest, penalties and costs * * *." It is observed that this citation did not state the amount of taxes due each of the plaintiffs, but, on the contrary, stated the gross amount due plaintiffs jointly. This did not meet the requirements of said Section 3(c) supra. Section 13 of Article 7345b states: "The provisions of this Act shall be cumulative of and in addition to all other rights and remedies to which any taxing unit may be entitled, but as to any proceeding brought under this Act, if any part or portion of this Act be in conflict with any part or portion of any law of the State, the terms and provisions of this Act shall govern as to such proceeding. * * *" In

33 T.J. p. 851, supported by abundant authorities there cited, it is said: "Since authority for citation by publication comes solely from the statutes, enactments authorizing that mode of service are strictly construed; in cases falling within the provisions of the statutes there must be a strict compliance with every essential requirement in respect of service." See Borden v. City of Houston, 26 Tex.Civ.App. 29, 62 S.W. 426, and authorities there discussed. The failure of this citation to state the amount of taxes due each plaintiff, under the foregoing authorities, warranted the action of the court in quashing same.

■■ In Hume v. Carpenter, Tex.Civ. App., 188 S.W. 707, 710, it is stated: "* * * While the petition in the tax suit against the unknown owner was duly attested by the assistant county attorney, as required by the statute above cited [Art. 7342], still, this was not conclusive evidence of the fact that the owner was unknown; and in a suit of this character by the owner to recover the land he has the right to raise this issue, and show by competent evidence that, by the exercise of reasonable diligence, the county attorney could have ascertained his ownership of the land before the institution of the tax proceedings, and if this is done to the satisfaction of the jury, then and in that event the judgment in the tax proceeding * * would be nullities * * *." See, also, Scales v. Wren, 103 Tex. 304, 127 S. W. 164.

The foregoing decisions involved suits against unknown owners. We can conceive of no sound reason why the principles as to diligence therein stated should not be applicable in suits against unknown heirs. Article 7342 under consideration in above opinions requires the affidavit to state "that the * * * owners are unknown." Article 2040, under which citation issued in the instant cause, requires the affidavit to state "that the names of such heirs * * are unknown." And although the affidavit in the present case was regular on its face under the provisions of Article 2040, and sufficient to give this court jurisdiction to hear the cause, it is not conclusive evidence of the fact that the heirs of Ada Bagby were unknown. Upon this issue raised by the motion to quash the court heard evidence. Plaintiff's attorney testified that in his investigation to ascertain whom should be made parties to said suit he investigated the deed records, probate records, and the

tax rolls of the assessor and collector of Red River County. Under the provisions of Articles 7189, 7152, and 7161, R.C.S., the tax rolls should have disclosed the owners of this realty. No evidence was introduced that the tax rolls, deed or probate records disclosed the names of the heirs of Ada Bagby. This attorney testified that he made Mann Bagby a defendant because the records in the assessor's office disclosed that Mann Bagby had rendered the property for taxes in the name of Ada Bagby, Estate, and this attorney understood that he either owned or claimed some character of interest in the property. But plaintiff's attorney did not make any inquiry of Mann Bagby to ascertain the names of the heirs, nor did he make any effort to contact this man who was a resident of the county in which the suit was filed for any information as to the owners of this realty. The tax rolls gave the last known address of owner rendering the property as Clarksville, Texas. The record discloses that the citation placed in the hands of the sheriff of Red River County on September 20th was served on Mann Bagby in the town of Clarksville on September 23rd. It is natural to presume that this party who had rendered this property for taxation and who bore the same name could and would have furnished the names of the heirs. This evidence presented a question of fact for the determination of the court. The trial court concluded that by the use of reasonable diligence, that is, by inquiry of Mann Bagby, this attorney could have ascertained the names of these heirs. We shall not disturb this finding of the court.

■ The action of the trial court in refusing to render judgment in favor of intervenor, Clarksville Independent School District, against the unknown heirs of Ada Bagby, deceased, is sustained. This intervention was filed after service of citation had been had on the defendants. Intervenor did not cause citation to issue on its cause of action. Defendants made no appearance in this suit. The trial court did not have jurisdiction to enter judgment in favor of intervenor as to any defendant named. Roller v. Ried, 87 Tex. 69, 26 S. W. 1060, and authorities there cited; Barrett v. McKinney, Tex.Civ.App., 93 S.W. 240; 32 T.J. p. 77.

We pretermit a discussion of the validity of any judgment against the assigns of Ada Bagby or against the assigns of her heirs, as no judgment was rendered against any assigns, if any there be.

There being no appeal by Mann Bagby against whom judgment was rendered, the judgment entered as to all other defendants is affirmed.