**SMITH et ux. v. WALKER et al.**

No. 2450.

Court of Civil Appeals of Texas. Waco.

July 2, 1942.

Rehearing Denied July 23, 1942.

W. W. Mason, of Mexia, W. D. Lacey, of Centerville, and Bennett & Bennett, of Normangee, for appellants.

L. W. Shepperd and Bradley & Bradley, all of Groesbeck, and Seale & Seale, of Centerville, for appellees.

RICE, Chief Justice.

T. A. Smith and wife brought this suit in the 12th Judicial District Court of Leon County, Texas, against George W. Walker, seeking to have declared void, and to restrain defendant from recording, a royalty contract in the deed records of Leon County. Plaintiffs pleaded and relied on as a basis for the relief sought, a judgment theretofore rendered in said court in Cause No. 5862, in their favor and against defendant and others. After the filing of the petition, a temporary writ of injunction was issued by the judge of the 12th Judicial District Court of Leon County, and this cause was then transferred to the 87th Judicial District Court of said county. Thereupon the defendant filed his answer in said last-mentioned court, attacking the validity of the judgment theretofore rendered against him and in favor of plaintiffs in Cause No. 5862 in the 12th Judicial District Court of said county.

Plaintiffs presented their plea in abatement, praying that said answer be stricken because the same constituted a collateral attack in the 87th Judicial District Court on a judgment theretofore rendered in the 12th Judicial District Court. This plea was overruled, and the cause was tried to the court without a jury. Over plaintiffs' objections, the trial court permitted the defendant to introduce in evidence a citation issued out of the 12th Judicial District Court, in Cause No. 5862, and its return, showing service thereof by publication on the defendant George W. Walker, together with plaintiffs' pleadings and other filed papers in said cause. On the conclusion of the evidence the court entered judgment denying plaintiffs the relief prayed for, and dissolving the temporary injunction theretofore issued. From this judgment plaintiffs have perfected this appeal.

The trial court filed his findings of fact and conclusions of law, the effect of which was that said judgment rendered in Cause No. 5862 in favor of plaintiffs and against defendant, in the 12th Judicial District Court of Leon County, was void.

In reaching this conclusion the trial court expressly found that the attack made by defendant on said judgment rendered in Cause No. 5862 was a collateral attack; but the court concluded that because said judgment recited "and the defendants having been duly cited by publication, the court appointed W. D. Lacey, a regular practicing attorney of Centerville, Texas, to represent the defendants", it thus set out the precise character of process and precise manner of service of process, thereby making admissible the rest of the record in Cause No. 5862, and particularly the citation purportedly published and served in said cause for the purpose of determining the validity or invalidity of such judgment; or, in other words, in support of or to destroy said judgment. From the above-mentioned evidence the trial court came to the conclusion, and so found, that the citation by publication admitted in evidence was the only citation issued and published in said cause, and that the same, for various reasons, was insufficient to support or authorize the rendition of any part of the decree in Cause No. 5862.

It is the contention of appellants that the judgment rendered in Cause No. 5862 was regular on its face, and, on a collateral attack, imports absolute verity. The appellee, while admitting the rule of law to be as contended by appellants, takes the position that such rule is inapplicable here because the judgment attacked recited that "the defendants having been duly cited by publication", thereby setting out the precise mode and manner of service, thereby bringing this case within an exception to the general rule; such exception being that where the judgment expressly recites the evidence on which the trial court bases his finding as to service, the original citation and return thereof may be looked to for the purpose of determining whether or not service was in fact legally had. The contentions of appellee, with whom the trial court agreed, are based upon the following authorities: Fowler v. Simpson, 79 Tex. 611, 15 S.W. 682, 23 Am.St.Rep. 370; Lutcher v. Allen, 43 Tex.Civ.App. 102, 95 S. W. 572, writ denied; Scruggs v. Gribble, Tex.Civ.App., 41 S.W.2d 643; Moorhead v. Transportation Bank, Tex.Civ.App., 62 S.W.2d 184, 186; 25 T.J., sec. 325, p. 844, sec. 328, p. 855.

 Appellants rely on the holdings in State. Mortgage Corp. v. Affleck, Tex. Com.App., 51 S.W.2d 274, and Loper v. Meshaw Lumber Co., Tex.Civ.App., 104 S.W.2d 597, and on the authorities cited in said cases. Because we think it supported by the better reasoning, and because it is the latest expression of the Supreme Court of this state, speaking through the Commission of Appeals, we are inclined to follow the rule of law as laid down in State Mortgage Corp. v. Affleck, supra, and to hold, as we do, that since the attack of defendant on the judgment rendered in Cause No. 5862 was a collateral attack, and since the judgment attacked recites that the defendants had been duly cited by publication, such recitation imports absolute verity, and it must be presumed as a matter of law that defendants were duly cited. Therefore, we are of the further opinion that the trial court erroneously admitted in evidence and considered the original citation and its return, plaintiffs' original petition, and other filed papers in said Cause No. 5862. See, also, Murchison v. White, 54 Tex. 78, 82; Treadway v. Eastburn, 57 Tex. 209; Heck v. Martin, 75 Tex. 469, 472, 13 S.W. 51, 16 Am.St. Rep. 915; Williams v. Haynes, 77 Tex.

283, 285, 13 S.W. 1029, 19 Am.St.Rep. 752; Martin v. Burns, 80 Tex. 676, 679, 16 S.W. 1072; Crawford v. McDonald, 88 Tex. 626, 33 S.W. 325; Levy v. Roper, 113 Tex. 356, 256 S.W. 251; Harrison v. Orr, Tex.Com. App., 296 S.W. 871.

It is the contention of defendant that even though this court should reach the conclusion, which it has, that the trial court was in error in admitting extrinsic evidence to impeach the validity of a judgment regular on its face, the judgment of the trial court denying plaintiffs an injunction perpetually restraining defendant from recording the mineral deed in question should be affirmed because plaintiffs failed to show in themselves title to or possession of the land here involved.

 While we are inclined to agree with defendants in their contention that plaintiffs did not discharge the burden imposed upon them by law, in that they did not introduce evidence of such facts as would entitle them to the injunctive relief prayed for, we nevertheless overrule defendant's contention that he is entitled to have the judgment of the trial court affirmed. Injunctive relief was not the only relief sought by plaintiffs. They also prayed that the court decree the purported royalty deed to be null and void. The decree rendered in Cause No. 5862 by the 12th Judicial District Court of Leon County was introduced in evidence. It was therein found by the court that plaintiffs never at any time executed a mineral deed to George W. Walker on any portion of a tract of 190 acres of land situate in Leon County, Texas, and described therein as is. described in plaintiffs' petition in this case; and awards to plaintiffs recovery of the title to the minerals in said lands as against defendant George W. Walker, and quiets their title and possession of such minerals as against the claim of said defendant. It was this judgment which the trial court, erroneously we think, held void, and in effect as no evidence of plaintiffs' adjudicated rights and title as against the defendant. From the record before us, we cannot say what the trial court's judgment would have been in respect to plaintiffs' prayer that the royalty deed be declared void had he not erroneously struck down the judgment in Cause No. 5862. In any event, it is manifest that this cause is not fully developed. It is possible that this is at least in part due to the fact that this case was tried and decided by the trial.

court on the erroneous theory that the above-mentioned judgment in favor of plaintiffs and against this defendant was void.

In our opinion, because of the error above pointed out, the judgment of the trial court must be reversed. It is further our opinion that the ends of justice will be best served by remanding this cause to the trial court.

The judgment of the trial court is accordingly reversed and the cause remanded.