

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
XXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Overruled in part by
O-7286

Honorable Leroy L. Moore
County Attorney
Houston County
Crockett, Texas

Dear Sir:

Opinion No. O-7112
Re: Whether certain county newspapers
meet statutory requirements for
citations by publication.

We have received your letter of February 20, 1946, which, after
citing Rule No. 116 of the new rules of Civil Procedure, pro-
pounds the following questions:

"One of our local newspapers was discontinued during the
time of service of its owner and editor in the recent war.
Would publication of a citation by publication in that news-
paper be legal notice as required by this Rule?

"Another newspaper here collects the news and sends it to
Houston, Texas, to be typed and printed. This is done
each week. Would citation by publication in that newspaper
be legal notice as required by this Rule?

"Another newspaper in the county suspends its publications
one week in the year. Would citation by publication in that
newspaper be legal notice as required by this Rule?

"One of the local papers in this county skipped publication
and circulation during Christmas week.

"Would a citation by publication in a divorce case published
in any one of the three papers mentioned above be legal no-
tice under this Rule?"

Rule 116 of the New Texas Rules of Civil Procedure provides for
the requirement of service of citation by publication in the
following words:

"Rule 116. Service of Citation by Publication

"The citation, when issued, shall be served by the sheriff
or any constable of any county of the State of Texas by

having the samepublished once each week for four (4) consecutive weeks, the first publication to be at least twenty-eight (28) days before the return day of the citation.  In all suits which do not involve the title to land or the partition of real estate, such publication shall be made in the county where the suit is pending, if there be a newspaper published in said county, but if not, then in an adjoining county where a newspaper is published.  In all suits which involve the title to land or partition of real estate, such publication shall be made in the county where the land, or a portion thereof, is situated, if there be a newspaper in such county, but if not, then in an adjoining county to the county where the land or a part thereof is situated, where a newspaper is published."

The Legislature has defined various terms relating to legal publications and clearly sets forth the minimum requirements of a "newspaper" in Article 28a, V.A.C.S., which we quote as follows:

"The following terms shall, unless the context indicates otherwise, have the following respective meaning:

"(2) The term 'newspaper' shall mean any newspaper devoting not less than twenty-five (25) per cent of its total column lineage to the carrying of items of general interest, published not less frequently than once each week, entered as second-class postal matter in the county where published, and having been published regularly and continuously for not less than twelve (12) months prior to the making of any publication mentioned in this Act. (As amended, Acts 1941, 47th Leg. p. 480, ch. 303, Sec. 1)."

When a statute or rule of civil procedure such as Rule 116, supra, makes provisions with reference to publication in any "newspaper" without defining or explaining same further, then such "newspaper" must conform to the definition thereof as set forth in Article 28a, above.

Thus, we see by Rule 116 that publication of a citation shall be made in a newspaper and further by Article 28a, that a newspaper is defined as one (1) devoting at least 25 percent of its column lineage to items of general interest, (2) published not less than once each week, (3) entered as second-class postal matter, and (4) published regularly and continuously for not less than twelve months prior to the making of any publication.

Service by publication is a creature of statutory law, and although we have found no Texas decisions directly in point with respect to the construction to be placed upon Article 28a, V.A.C.S., where there is service by publication, there must be strict and literal compliance with every essential requirement of the statutes in respect thereto.  Byrnes vs. Sampson, 11 S.W.

1073; Harris vs. Hill, 117 S.W. 907; Gibson vs. Oppenheimer, 154 S.W. 694 (error refused); Lopez vs. Calcado, 281 S.W. 324 (error dismissed); Fisher vs. Jordan, 32 Fed. Sup. 608; State vs. Bagby's estate, 126 S.W. (2d) 687.

We shall then construe the definition of "newspaper", as defined by Article 28a, with reference to Rule 116, the citation by publication statute, and consequently in a strict and literal manner, pursuant to the prevailing view of strict construction placed generally by the courts on all statutes dealing with citation by publication. Whereupon, applying the provisions of Article 28a to your questions, in the light of strict construction and the express and unambiguous language contained therein, we find that (1) your county newspaper that was discontinued and presumably did not resume publication twelve months prior to the request for citation by publication does not comply with the statute, (2) that your county newspaper which suspends its publication for one week each year does not comply with the statute, and (3) that your county newspaper which missed publication during this past Christmas week does not comply with the statute.

With reference to your question regarding the newspaper that collects the news and sends it to Houston for printing, this department has previously held in Opinion No. O-566, construing Article 2039, V.A. C.S. (now repealed and replaced by Rules 109 and 116, Rules of Civil Procedure) that publication within the county as designated in the statute did not necessarily require the printing or type-setting to be done within that county. Thus, where Rule 116 provides that in all suits not involving title to land or partition, "such publication shall be made in the county where the suit is pending.....,"a publication is legally made in such county when mailed or distributed therefrom even though the type-setting is done elsewhere, provided that all other statutory requirements are fulfilled as heretofore discussed in this opinion.

Therefore, your local newspaper which sends its news to Houston for type-setting and, we assume, mails its copies from your county, has not disqualified itself thereby under the statutes, but it must, of course, otherwise comply with the requirements for a "newspaper" as defined in Article 28a, supra.

We trust that this opinion satisfactorily answers your questions.

Yours very truly

APPROVED MAR. 22, 1946
GROVER SELLERS
ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS
By

JKA:zd:ml

Jack K. Ayer
Assistant