## G. M. Perry v. J. W. Whiting.

### Decided June 26, 1909.

**Tax Suit—Citation to Estate—Void Judgment.**

In a suit for delinquent taxes the following conclusions of law by the trial court, approved and adopted:

1. There can be no citation to an estate as an estate.
2. There can be no judgment against an estate as an estate.
3. A recitation in a judgment that an estate has been served with citation is a void recitation and meaningless, as an estate is not. an entity.
4. The petition being against an estate only is not a suit against an entity in law, and the citation showing that it ran to the estate and to no legal representative, the fact that the judgment recited that the defendant estate "though duly cited, came not," afforded no presumption in favor of service, and the record only showing an insufficient affidavit, the sworn petition and no other, the service, judgment and sale were void.
5. No other owner or person but the estate, which is not a person in law, having been sued, the owner of the land was not bound by the judgment.

Appeal from the District Court of Ochiltree County. Tried below before Hon. H. H. Hendricks.

*E. C. Gray* and *Theodore Mack,* for appellant.

*Hoover & Taylor* and *W. T. Allen,* for appellee.

Speer, Associate Justice.—This is an action of trespass to try title brought by J. W. Whiting against G. M. Perry, in which a judgment was entered by the court for the plaintiff upon the following findings of fact and conclusions of law, which we adopt:

"*Conclusions of fact.*—First: I find that the land in controversy, namely, section No. 1 in block No. (12) twelve, H. & G. N. Ry. Co.'s survey in Ochiltree County, Texas, was patented to Julian W. Whiting, assignee, by the State of Texas, the 20th day of May, 1874.

"Second: I find that suit was instituted in the District Court of Ochiltree County December 24, 1901, by 'an original petition on behalf of the State, complaining only 'of the esta (meaning estate) John Wylie, a nonresident citizen, hereinafter styled defendant,' to foreclose the lien for taxes on the land in controversy delinquent for the years 1900 and 1901, and that the petition in said suit was verified by the affidavit of the county attorney that the averments in the petition are true to the best of his knowledge and belief, but further find that the petition was principally upon a printed form, and contained no allegations that the owner was unknown, nor did said petition allege any cause of action against an unknown owner.

"Third: I find that a notice by publication, in substantial compliance with the statute, was made and published on practically a prepared and printed form, but in this connection I further find that there is no affidavit in the record by the county or district attorney that the defendant was a nonresident of the State, or that the owner of said land was unknown and could not be ascertained by inquiry.

"Fourth: I find that the said citation was addressed to the estate of John Wylie, being the only defendant sued in the petition, reciting

the nature of the plaintiff's demand against said defendant estate as an action to recover of the said defendant as the owner of said lands the said taxes, and further find that the judgment is only against the estate of John Wylie, neither the petition or the judgment mentioning any legal representatives or heirs of said estate; but further find that said judgment recites that the defendant, though duly cited, failed to appear.

"Fifth: I find the issuance and execution of order of sale for the land in controversy, and that the defendant, Perry, is the grantee of the land by virtue of mesne conveyances holding under the judgment, order of sale, sheriff's deed and tax sale.

*"Conclusions of law.*—First: There can be no citation to an estate as an estate.

"Second: There can be no judgment against an estate as an estate.

"Third: A recitation in a judgment that an estate has been served is a void recitation and meaningless, as an estate is not an entity.

"Fourth: The petition being against an estate only is not suit against an entity in law, and the citation showing that it run to the estate and to no legal representatives, and the judgment reciting that the defendant estate, though duly cited, came not, afforded no presumption whatever in favor of service, and the record only showing an insufficient affidavit, the sworn petition and none other, I conclude that the service, judgment and sale were void.

"Fifth: No other owner or person but the estate of John Wylie, which is not a person in law, having been sued in the petition, Julian W. Whiting is not bound."

The judgment of the District Court is therefore affirmed.

*Affirmed.*

Writ of error refused.