**UNITED STATES v. 847 ACRES OF LAND, MORE OR LESS, IN BRAZORIA COUNTY, TEX., et al.**

**Civ. A. No. 149.**

United States District Court
S. D. Texas, Galveston Division.

Feb. 3, 1950.

934

Brian S. Odem, U. S. Atty. and T. H. Riggs, Sp. Asst. to U. S. Atty., of Houston, Tex., for plaintiff.

Masterson & Pope, of Angleton, Tex., Garonzik & Lary, Gene Lary, of Dallas, Tex., for defendants.

KENNERLY, Chief Judge.

Heretofore on February 16, 1942, the United States of America took for the public use Tract 471, Division 14, etc., in Brazoria County, Texas, in this District and Division. This is a title hearing asked for by the Government nearly ten years after the taking, to determine to whom compensation therefor should be paid. The surviving wife and children of T. C. Findley, deceased, appeared and claimed to be the owners of such land by title of record in Brazoria County at the time it was taken by the Government. P. M. Brown, of Brazoria County, Texas, also appeared, claiming to be such owner at such time. Brown claimed under a Sheriff's Sale and Deed made under a Judgment rendered February 10, 1932, by the District Court of Brazoria County, Texas, in a suit for State and County Taxes on said property for the years 1923 to 1928, inclusive.

The facts are substantially as follows:

(a) The common source of title is T. C. Findley, who died intestate on or about January 14, 1929, at Corpus Christi, Texas. There was no administration on his estate and none was necessary.

(b) The persons named in the pleadings as his surviving wife and children are his sole and only heirs or legal representatives.[1]

(c) T. C. Findley was first married prior to 1900, and his first wife died without issue. He was again married to Ruby Riggs Findley November 8, 1911. He acquired the property in question by Deed dated March 28, 1910, and his chain of title was then, has since been, and is now of record in Brazoria County. His Deed was filed for record in Brazoria County December 27, 1910. The Deed describes Findley as being of "the county of Bexar, State of Texas." Having acquired the property before his marriage to Ruby Riggs Findley, it was his separate property under the Laws of Texas.

1. These are Ruby Riggs Findley, surviving wife; Ruby L. Findley, born January 13, 1914, now wife of Herman A. Dearing; Thomas F. Findley, born September 1, 1915; Clark A. Findley, born June 11, 1917; and Willeen E. Findley, born October 18, 1919, now the wife of Harold F. Hurlburt, children of T. C. Findley and Ruby Riggs Findley.

(d) Neither Findley nor his surviving wife nor his children were ever nonresidents of Texas.

(e) The suit to recover such taxes (1923 to 1928, inclusive), under which Brown claims, was filed in the District Court of Brazoria County September 16, 1931, and is styled No. 25,430, State of Texas v. T. C. Findley. There are in evidence the following documents in connection with such suit:

Petition for Foreclosure on Delinquent Taxes, filed September 16, 1931, by The State of Texas v. T. C. Findley, No. 25,-430, in the District Court of Brazoria County, Texas.

Citation issued September 16, 1931, in Cause No. 25,430, and Sheriff's Return on Citation dated September 24, 1931.

Citation issued October 14, 1931, in cause No. 25,430, and Sheriff's Return on Citation dated November 30, 1931.

Affidavit of Floyd Enlow, County Attorney of Brazoria County, dated October 14, 1931, filed in Cause No. 25,430.

Order appointing Attorney ad Litem in Cause No. 25,430.

Answer of Attorney ad Litem in Cause No. 25,430.

Statement of Facts in Cause No. 25,430.

Judgment dated February 10, 1932, rendered in cause No. 25,430.

Order of Sale issued on such Judgment and Sheriff's Return thereon.

Sheriff's Deed, dated June 30, 1932, to P. M. Brown.

Judgment Receipt, dated June 30, 1932.

1: After a careful examination of the Judgment in No. 25,430, I conclude that the effort of the surviving wife and children of T. C. Findley to attack same *collaterally* must fail. The Court had jurisdiction of the case. There is a recitation showing that the proper persons were named defendants under Article 7328 of Vernon's Civil Statutes of Texas. There is a recitation that the defendants were "duly and properly cited by publication to answer Plaintiff's Original Petition." There is a recitation that an attorney to represent the persons cited by publication was appointed, and that he filed an Answer for them. The recitations show that the case was duly tried and Judgment rendered.

While it is true that in a case such as was No. 25,430, citation must be issued and served in accordance with Article 2040 of such Texas Statutes, Underwood v. Pigman, Tex.Com.App., 32 S.W.2d 1102; State Mortgage Corp. v. Affleck, Tex.Com.App., 51 S.W.2d 274, it is also true that it will be presumed in accordance with the recitations in such Judgment and in support of such Judgment, that citation was issued and served in accordance with such Article 2040. And if it be true that such process should have been issued and served in accordance with Article 7342, then according to the recitations in the Judgment, I think it will be presumed that citation was issued and served in accordance with that Article.

2: I think the effort of the wife and surviving children of T. C. Findley to directly attack such Judgment and Sale thereunder must likewise fail. The proceedings herein to directly attack and set aside such Judgment, etc., were not brought within the four year period as required by the Texas Statutes of Limitation, Vernon's Ann.Civ.St. art. 5529. It was not brought until January 13, 1950, nearly eighteen years after such Judgment was rendered and Sale made thereunder, and more than nine years after Brown's Deed from the Sheriff was placed of record in Brazoria County. Also nearly eight years after the property was taken by the Government (February 16, 1942). It also appears that all the children of T. C. Findley were 21 years or more of age nine or ten years before such proceedings were begun.

3: The surviving wife and heirs of T. C. Findley also claim that since Brown paid at the Sheriff's Sale less than the amount of taxes owing, such sale is void. While the Statute requires the purchaser to pay the amount of taxes owing, the Tex-

as cases I have examined do not declare the sale to be void because of failure to do so.

Judgment will enter, declaring P. M. Brown to have been the owner of Tract 471, Division 14, at the date same was taken by the Government.