**HELLMAN et al. v. HUEBNER et al.**
No. 12216.

Court of Civil Appeals of Texas. Galveston.
Oct. 19, 1950.

Rehearing Denied Nov. 9, 1950.

118

Cline & Cline of Wharton, J. L. Webb, Houston, of counsel), for appellants Thelma McKee Hellman and Vera McKee Estabrook.

M. S. Munson, Jr., Wharton, for appellees.

GRAVES, Justice.

This appeal in a trespass to try title suit involving the title to ten acres of land in the G. W. T. & S. F. Ry. Co.'s survey in Wharton County, Texas, is from a judgment of the District Court of Wharton County, sitting without a jury, divesting the appellants of any title to the land and investing it in the appellees; the Court further decreed that the appellants take nothing on their cross-actions whereby, in the alternative, they sought certain damages for money claimed to have been advanced by them for taxes and improvements on the land.

Neither findings-of-fact nor conclusions-of-law were requested, or filed, by the Court.

However, in its described judgment the Court recited a finding to the effect that appellants, Thelma McKee Hellman and Vera McKee Estabrook, were the sole heir and surviving-widow, respectively, of Charles W. McKee, deceased. The appellees' (that is, Mrs. Leta T. Huebner and husband's)

title came alone through a sheriff's-deed, emanating from a tax-sale of the property to her for $260, an exact copy of which is hereto attached as Exhibit "A", and made a part hereof.

Indeed, while this record is an extended one, the controlling question-of-law presented here is one—resulting from comparatively simple facts as to the relationships of the parties to the appeal—of whether or not that deed validly passed the title to the land from Charles W. McKee to the appellee as the purchaser at such tax-sale thereof, as against the claims of his wife and daughter thereto.

This Court is constrained to agree with the trial court that the title did so pass, and that neither of the appellants showed themselves to own any remaining interest in the land.

As the trial court so found, appellant Thelma McKee Hellman was the surviving daughter, and the appellant Vera McKee Estabrook was the surviving wife of McKee, whereas the appellees sustained no relationship to him.

In their Points-of-Error the appellants make common cause in contending that the judgment, out of which the sheriff's deed to the appellee issued, as well as the citation, the service, and the return thereon, upon which it was based, were each and all void for the alleged reasons that the requirements of law were not complied with, and that the procedure requisite to make them valid was not followed; that the judgment-roll therein disclosed that the whole proceeding was void, because the requirements of law with reference to the necessary citation, service, and return thereon had not been complied with; wherefore, that the quoted deed to the appellee—proceeding as it did from such an invalid source—was itself void and ineffective to pass any title to the described property.

The appellant, Mrs. Estabrook, goes further and urges that she, as the wife of Charles W. McKee, at the time of the tax-sale herein involved, was given no advance notice of it, that she was then the undis-

puted owner of a ½ undivided interest in such land at the date of the filing of both the tax-suit and the sale of the land and the issuance of the sheriff's deed thereto. Hence, she could not be bound by or required to take any notice of the tax-judgment, or the sheriff's deed so issuing thereunder.

▮ Without undertaking to examine them all, this Court concludes that the trial court properly overruled these contentions that the tax-judgment violated the prescribed provisions of law, and that Mrs. Estabrook was shown not to have owned a ½ undivided interest in the land, although she was then, as the trial court found, the wife of Charles W. McKee, deceased; this for the reason that, under well-settled authorities, under undisputed facts here, that the title to the property stood in the name of Charles W. McKee only, having been deeded to him in that capacity by the Missouri-Lincoln Trust Company, which, by stipulation of the parties, was the common-source of the title so claimed by these parties. Hence, Mrs. Estabrook had no actual title, but only an equitable title thereto, which was extinguished by the tax-sale of the whole title against the husband. Love v. R. S. Allday Supply Co., Tex.Civ. App., 106 S.W.2d 830; Harvey v. Humphrys, Tex.Civ.App., 178 S.W.2d 733; Ellett v. Mitcham, Tex.Civ.App., 145 S.W. 2d 917; Mitchell v. Schofield, 106 Tex. 512, 171 S.W. 1121.

▮ As concerns the claim of irregularities and invalidities in the tax-suit and the ensuing sale and deed thereunder, this Court finds no such invalidating departures from the prescribed procedure as the appellants contend for; on the contrary, as indicated, it is constrained to agree with the court below in holding that the citation, service, and return in cause 1282, in the District Court of Wharton County, Texas, from which the tax-deed to the appellee so emanated, was in substantial compliance with the law and the rules of court in effect at the time of the trial in that cause.

These—in the main—appear to have been the determinative facts:

The date of the tax-suit was August 1st, 1944, the citation issued out of the office of the District Clerk August 1st, 1944, the service was November 3, 1944 (being the date of the last publication), the return of the citation was filed in the court on November 15th, 1944, showing the service to have been completed by publication on November 3, 1944. The citation was directed to "Any Sheriff or any Constable of Wharton County, Texas", and commanded him to "Summon Charles W. McKee, the last record-owner of such property, and if deceased, the unknown heirs and legal representatives of Charles W. McKee, their heirs and legal representatives, defendants, to be and appear at the next regular term of the District Court of Wharton County, Texas, to be held at the court house in the City of Wharton on the 10th Monday after the 1st Monday in September, 1944, the same being the 13th day of November, 1944, to answer a petition in a delinquent tax-suit filed by the State of Texas against the above named defendants" and ended with the recitation: "The names of the parties to the suit is the State of Texas, suing in its own behalf and also in behalf of Wharton County, Texas, and all political subdivisions of said County, etc., plaintiffs, and Charles W. McKee, the last record owner of such property, and if deceased, the unknown heirs and legal representatives, defendants". The citation was by publication, as shown by the affidavit therefor filed on August 1st, 1944, in which citation was requested against the defendant, Charles W. McKee, and the heirs and legal representatives of Charles W. McKee, deceased, defendants.

In other words, when such proceedings as are referred to and cited in the copied deed are had, these rules and statutes, effective at that time, will be found to have been reasonably and substantially complied with. Rule 2, Texas Rules of Civil Procedure, 1948 Supp.; Rule 117a, T.R.C.P., 1948 Supp.; Revised Civil Statutes of Texas, Arts. 3818, 5529, 7328, 7328.1, 7330, and 7345b, Vernon's Ann.Civ.St. arts. 3818, 5529, 7328, 7328.1, 7330, 7345b; Opinions of The Attorney General of Texas, num-

bers 0–3948, dated Oct. 31, 1941, 0–4245, dated Dec. 20, 1941, and 0–4245A, dated June 6, 1942.

These conclusions require an affirmance of the judgment. It will be so ordered.

Affirmed.

### Exhibit "A"

The State of Texas }
County of Wharton }

Know all men by these presents, that whereas, by virtue of a certain order of sale, issued out of the District Court, of the County of Wharton, Texas in favor of The State of Texas, on a certain judgment rendered by said court in Cause No. 1282 wherein The State of Texas is plaintiff and Chas. W. McKee et al. are defendants, on the 18th day of January, A.D. 1945, and directed and delivered to me, as sheriff of Wharton County, commanding me, to proceed to levy upon, seize and sell the hereinafter described property as the property of said defendants as under execution, to make certain moneys in said writ specified, I, T. W. Lane, Sheriff as aforesaid, did upon the 22nd day of January, A.D. 1945 levey on the premises hereinafter described as the property of the said defendants, and on the first Tuesday in March, A.D. 1945, the same being the 6th day of said month, within the hours prescribed by law, sold said premises at public vendue, in the County of Wharton, at the door of the Courthouse thereof, having first given public notice of the time and place of sale, by causing an advertisement thereof to be published in the English language once a week for three consecutive weeks preceding such sale, the first publication appearing not less than twenty days immediately preceding the day of sale, beginning on the 2nd day of February, A.D. 1945, in The Wharton Journal, a newspaper published in the County of Wharton, State of Texas, prior to the day of sale, and by delivering to Isaac Garrett, attorney ad Litem for said defendants, a copy of said notice of sale; and whereas at the said Sale, the said premises were struck off to Mrs. Leta T. Huebner for the sum of $260.00, he being the highest bidder therefor, and that being the highest secure bid for the same.

Now, therefore, in consideration and by virtue of the premises aforesaid, and of the payment of the said sum of $260.00 the receipt of which is hereby acknowledged, I, T. W. Lane, sheriff as aforesaid, have granted, sold and conveyed, and by these presents do grant, sell and convey unto the said Mrs. Leta T. Huebner, Wharton County, Texas, all the estate right, title, interest and claim of the said Chas. W. McKee, and if deceased, the unknown heirs and legal representatives of the said Chas. W. McKee, their heirs and legal representatives, in and to the following described premises, vis:

Lot No. 12, containing 10 acres and being in the G. W. T. & S. F. Ry. Co. Survey, Abstract No. 625 as shown by subdivision plat of said survey recorded in Vol. 30 on page 138 of the Wharton County Deed Records.

To have and to hold the above described premises unto the said Mrs. Leta T. Huebner, his heirs and assigns, forever, as fully and as absolutely as I, as sheriff as aforesaid, can convey by virtue of said writ.

In testimony whereof, I have hereunto set my hand, this the 6th day of March, A. D. 1945.

T. W. Lane, Sheriff
Wharton County, Texas.