Burks & Brown, Lubbock, Raymon Stoker, Odessa, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

A prior appeal from this conviction was dismissed upon the theory that notice of appeal given at the term during which the conviction was had deprived the trial court of jurisdiction to enter judgment and sentence nunc pro tunc at the succeeding term. Griggs v. State, Tex.Cr.App., 292 S.W.2d 126.

After receipt of the mandate the judgment and sentence were again entered nunc pro tunc and appellant again appeals.

The indictment was in two counts, the first alleging the theft of one joint of oilfield drill pipe of the value of $50 from C. V. Fillman on or about July 15, 1953.

The second count alleged the theft of 100 joints of oilfield drill pipe of a value in excess of $50 from the same person and at the same time and place.

The case was submitted to the jury under the second count, and the jury found appellant guilty of theft of 100 joints of oilfield pipe as charged in the second count of the indictment and assessed his punishment at eight years in the penitentiary.

The State confesses reversible error in argument of the District Attorney wherein he stated: "And the test is did the parties act together? All right, who were the parties? Dan Price and Frank Griggs, that testimony is uncontradicted, being accomplice witnesses. But it is uncontradicted. So it is worthy of your belief because nobody, not one single witness had denied any of it."

The bill certifies that there was no evidence that any other person was present or heard or participated in the conversation between Price and appellant, and that appellant did not testify.

We are constrained to agree with our able State's Attorney that the remark constituted a reference to appellant's failure to testify and violated the provisions of Art. 710, Vernon's Ann.Code Crim.Proc.

Our State's Attorney further confesses that the evidence shown in the record is insufficient to support a finding that the oilfield pipe that was taken to appellant's farm and which appellant sold to George Orenberg was the pipe stolen from C. V. Fillman.

The judgment is reversed and the cause remanded.

Suzanne MOODY, by Next Friend, Appellant,

v.

J. R. GAYLE, Jr., et al., Appellees.

No. 13203.

Court of Civil Appeals of Texas.

Houston.

March 13, 1958.

Hay, Kirk & Baggett, Russell T. Van Keuren, Houston, for appellant.

Enlow, Kee & Thomas, Wiley Thomas, Angleton, for appellees.

BELL, Chief Justice.

This trespass-to-try title suit was filed by Suzanne Moody, a minor, by her next friend, to recover title to Tract 31 of the New York and Texas Land Company Subdivision in the J. de J. Valderas Survey, Abstract 380, in Brazoria County. The defendants answered by a plea of not guilty and a general denial, and specially pled the three, four, five and ten-year statutes of limitation.

The defendants filed their motion for summary judgment, alleging there was no issue of fact to be determined. The trial court sustained the motion and rendered judgment that plaintiff take nothing against the defendants.

It is established without dispute that W. H. Holeman was the common source of title.

The record in support of the motion for summary judgment reveals the following:

1. On July 9, 1931, the State of Texas recovered a judgment against W. H. Holeman for $90.81, this being the amount of delinquent taxes, penalty, interest and costs on said land. The judgment recited that W. H. Holeman, a nonresident, and, if he were dead, his unknown heirs, all unknown owners and all persons owning a legal or equitable interest, had "been duly and properly cited by publication." It further recited that since such parties did not appear, E. C. Evans was appointed attorney to represent "said defendant so cited by publication." The lien was foreclosed by the judgment.

2. On October 31, 1931, an order of sale was obtained. It was executed October 5, 1931. The sheriff's return thereon recites advertisement of the sale by posting the written advertisement at three places in Brazoria County, one place being the Courthouse door, and by mailing copies to the named defendants and their attorney. The advertisement was for the requisite length of time. On the bottom of the return, but above the sheriff's signature, is the language: "If no newspaper will publish said

advertisement, then so state, strike out the first clause and leave advertisement 'posted' etc., if published in a newspaper, strike out clause in regard to posting." In the return the clause with respect to publication in the newspaper does not appear. It was apparently stricken from the form of the sheriff's return on the order of sale, and the clause with respect to posting was left by the sheriff. There were no bidders, so there was no sale.

3. On June 1, 1932, an alias order of sale was obtained. The sheriff's return thereon shows the writ was executed June 2, 1932. It recites advertisement of the sale by posting the notice three places in Brazoria County, one of which was at the Courthouse door, for twenty successive days, exclusive of the day of sale. It also recites a copy was sent to the defendants' attorney. Then there is recital of a sale to W. D. Meredith. On July 5, 1932, apparently the same form of sheriff's return was used in the alias order of sale as in the original, and what we said about the quoted language in the sheriff's return above is also true of this alias order of sale.

4. There then appears the sheriff's deed to W. O. Meredith dated July 27, 1932.

5. W. O. Meredith conveyed the property to J. R. Gayle, Jr. May 27, 1943.

6. Floyd Enlow, on November 26, 1934, made the following affidavit:

"My name is Floyd Enlow and I reside at Angleton, Texas I was County Attorney of Brazoria County, Texas, during the period from January 1st. 1929 to December 31st. 1932. During those four years as the County Attorney of Brazoria County, Texas, I brought and was instrumental in bringing a great number of tax suits and a great number of these tax suits were brought by me in conjunction with the Mills-DeWitt Company, a corporation whith whom the County had made a tax collection contract. When we first started bringing the tax suits under the above mentioned tax collection contract the county papers in Brazoria County printed the citations by publication, the orders of sale and other instruments incidental to tax suits and sale of property under judgments foreclosing the tax liens, but it was soon ascertained that a very small portion in any of the lands upon which tax leins had been foreclosed by reason of such tax suits and judgments would sell for sufficient to pay the taxes, penalties, interest and cost and the costs of the suit and when this was ascertained, all the papers in Brazoria County, Texas, then and there refused to further publish the citations by publication, orders of sale and other instruments incidental to tax suits, and it then and there became necessary for such citations by publication, orders of sale and other instruments incidental to tax suits to be posted, and so far as I known and believe all such instruments were thereafter posted in accordance with law."

7. On September 22, 1938, the heirs of W. H. Holeman executed a special warranty deed to William W. Carter, III.

8. On December 31, 1941, Carter executed a mineral deed to Elizabeth Johnson Moody.

9. On the same day Carter conveyed the surface to the plaintiff.

■ All of these instruments were made a part of the defendants' motion for summary judgment. The appellant filed nothing in reply to the motion for summary judgment before the hearing. Some days after the hearing on the motion he filed an affidavit stating the property at the time of sale was worth at least $100, but no further notice will be taken of it as no point of this is made by appellant on this appeal.

We have not noticed the date of the recording of the respective deeds because this is not material to the appeal. No evidence was presented as to the pleas of limitation. No attack is made on any deed.

The sole question involved on this appeal is the validity of the tax judgment. The appellant contends that the affidavit of Enlow raises a fact issue because while the tax judgment recites the defendants "having been duly and properly cited by publication," the affidavit of Enlow reciting that at some time between 1929 and 1932 the newspapers in Brazoria County refused to publish citations and orders of sale raises an issue as to whether the citation was published in a newspaper or by posting notice at the Courthouse and at two other places in Brazoria County. Stated otherwise, appellant contends that while the judgment recited citation by publication, the affidavit of Enlow raises the question as to whether in fact such was not the case but that in fact citation was by posting. In the latter case, that is, citation by posting of notices, the citation would be wholly ineffective unless it appears that in this particular tax suit newspapers refused to publish the citation.

■ This is a collateral attack upon the judgment. The recital in a judgment that the parties to the suit were "duly and properly cited by publication" imports absolute verity and this recital may not be attacked in a collateral proceeding such as this is. Kimbrough v. Neill, Tex.Civ.App., 256 S.W.2d 202, writ ref. n. r. e.; Brown v. Bonougli, 111 Tex. 275, 232 S.W. 490; Switzer v. Smith, Tex.Com.App., 300 S.W. 31, 68 A.L.R. 377; Levy v. Roper, 113 Tex. 356, 256 S.W. 251; 40 Tex.Jur., §§ 217-222; State Mortgage Corp. v. Traylor, 120 Tex. 148, 36 S.W.2d 440.

■ Appellant asserts, however, that the affidavit relied upon by appellees raises a question concerning service. The basis of his contention seems to be that when the judgment recited the defendants were "duly and properly cited by publication" this meant service was by publication in a newspaper as distinguished from posting of notices. And, he says the affidavit of Enlow implies the citation was by posting. To this we cannot agree. Posting of a citation is a publication of citation. As a matter of fact Art. 7342, Revised Civil Statutes, covering the citations in this case provided for publication by insertion in a newspaper and, if the publisher will not publish it, that "publication" could be made by posting. Publication means the act by which a thing is made public. 2 Bouv.Law Dict., Rowles Third Revision, p. 2767. The posting of citation is a publication of citation. Therefore, when the court's judgment recited the defendants were "duly and properly cited by publication" it could have been publication by posting. There is no inconsistency between this and the affidavit of Enlow. The recital of due and proper service is conclusive as to the existence of the facts necessary to use the particular method of service employed in the absence of facts of record in the case rebutting such facts where the attack is, as here, collateral. There are no facts of record rebutting the recital of due and proper service in this case.

The trial court correctly sustained the motion for summary judgment, and its judgment is, therefore, affirmed.