Guy A. ALLEN, Jr., et al., Appellants,

v.

Ronald H. LINAM et al., Appellees.

No. 8446.

Court of Civil Appeals of Texas, Texarkana.

April 19, 1977.

Rehearing Denied May 17, 1977.

Tony Hileman, Jefferson, for appellants.

Howard Carney, Jr., Carney, Mays & Carney, Atlanta, for appellees.

CHADICK, Chief Justice.

This is an appeal in a trespass to try title case. Summary judgment motions filed by the several defendants were sustained in the trial court and judgment was entered that plaintiffs take nothing. The trial court judgment is affirmed.

The plaintiffs pled that the title of A. L. Allen and his wife, Virginia, to an $^{11}/_{15}$th undivided interest in the two hundred acres of land in suit vested in them under the Texas law of intestate succession and that they were ousted from possession of the land by the defendants on January 1, 1954. The defendants pled, as vested in them, the title to the land that was conveyed by a sheriff's deed to E. R. Allen dated December 5, 1928. The deed was executed pursuant to judgment and an order of sale of the District Court of Cass County, Texas, in favor of the State of Texas, as plaintiff, against the "Heirs of Mrs. Genie Allen, Estate, Defendants." Other pleadings of the parties will be noticed when appropriate to an issue under discussion.

A. L. Allen and his wife, Virginia, both deceased, were survived by five children, named respectively, Harry O., Guy A., Ernest R., Albert R. and Elsie. All except Harry O. Allen were deceased at the time this action was instituted. The plaintiffs in this action, appellants here, are Harry O. Allen and the children of Guy A. Allen, Albert R. Allen, Elsie Allen Leroy and Mrs. Guy A. Allen, Jr., the widow of Guy A. Allen, Jr., deceased. The defendants, appellees here, are Ernest R. Allen's child, Ernest R. Allen, Jr., his remarried widow, Beatrice Teagarten, and her husband, Paul Teagarten, together with Ronald H. Linam and Armco Steel Corporation, all claiming interests as successors in title to Ernest R. Allen. Hereafter the parties will be referred to by their designation in the trial court.

The first issue raised is that the sheriff's deed relied upon by the defendants is void and conveyed no title because the judgment authorizing it was void on its face. The minutes of the District Court of Cass County show that a judgment was rendered therein on October 15, 1928, in case No. T–3922, styled *State of Texas v. Heirs of Estate of Genie Allen*, in which the state was awarded a recovery of delinquent taxes levied against the land in suit for the years 1926 and 1927 in the aggregate sum of $119.41, together with costs and foreclosure of the tax lien securing payment thereof. The judgment decreed that an order of sale issue and the land be sold in satisfaction of the judgment. The sheriff's return on the order of sale shows the land was sold to E. R. Allen and deed to him executed December 5, 1928. The deed was recorded in the Deed Records of Cass County, January 4, 1929. The case file containing all court papers was withdrawn from the District Clerk's Office in 1937 and never returned. The court minutes, the sheriff's return and the sheriff's deed shown by the deed records are the only existing documents that tend to show the proceedings in and disposition of the delinquent tax suit.

■ When the delinquent tax suit was instituted in 1928, Tex.Rev.Civ.Stat.Ann.

art. 2040 stated that where ". . . property . . . has accrued to . . . heirs as such, of any deceased person, . . . any party having . . . [a] cause of action against them relative to such property, if their names be unknown to him, may bring [a cause of] action against them, their heirs or legal representatives, describing them as the heirs of such named ancestor" by complying with the further provisions of the article. The district court was authorized by this statute to entertain suit against the heirs of Genie Allen. See *State Mortgage Corporation v. Affleck*, 51 S.W.2d 274 (Tex.Comm.App.1932, holding approved); *Underwood v. Pigman*, 32 S.W.2d 1102 (Tex.Comm.App.1930, holding approved); *State v. Bagby's Estate*, 126 S.W.2d 687 (Tex.Civ.App. Texarkana 1939, no writ); 54 Tex.Jur.2d, Taxation, Sec. 169.

■ Documents showing compliance or non-compliance with the provisions of Article 2040 are normally to be found among the file papers but in this instance the file is lost. In the absence of these documents, the district court being a court of general jurisdiction, a presumption arises that the proceedings were regular and in compliance with Article 2040. *Harvey v. Peters*, 227 S.W.2d 867 (Tex.Civ.App. Fort Worth 1950, no writ); *Moody v. Gayle*, 311 S.W.2d 419 (Tex.Civ.App. Houston 1958, no writ); *United States v. 847 Acres of Land, Etc.*, D.C., 89 F.Supp. 933; 34 Tex.Jur.2d, Judgments, Sec. 345 and 354; 1 Freeman On Judgments, Sec. 392 (5th ed. 1925). The thrust of plaintiffs' argument reaches beyond the regularity of the proceedings, though no concession is made in that respect, and asserts that there can be no valid citation to or judgment against an estate as such. Cited in support of the proposition are *Perry v. Whiting*, 56 Tex.Civ.App. 550, 121 S.W. 903 (1909, writ ref'd); *Denman v. State*, 85 S.W.2d 252 (Tex.Civ.App. San Antonio 1935, no writ); *Perez v. E. P. Lipscomb Co.*, 267 S.W. 748 (Tex.Civ.App. San Antonio 1924, writ dism'd). See also *Camellia Diced Cream Company v. Chance*, 339 S.W.2d 558 (Tex.Civ.App. Houston 1960, no writ); *Neblett v. Butler*, 162 S.W.2d 458

(Tex.Civ.App. Galveston 1942, writ ref'd w. o. m.); *Parker v. Scobee*, 36 S.W.2d 303 (Tex.Civ.App. Waco 1931, no writ). The proposition is sound in a proper context but is not applicable under the facts of this case.

■ The issue drawn is whether Case No. T–3922, styled *State of Texas v. Heirs of Estate of Genie Allen* was a suit against the *Estate of Genie Allen* or a suit against the *heirs of Genie Allen*. A reasonable interpretation of the language used is that judgment runs against the *heirs of Genie Allen*, the word *estate* is surplusage and contributes nothing to the thought expressed. The phrase *heirs of the Estate of Genie Allen* ordinarily induces understanding equivalent in meaning to the phrase *heirs of Genie Allen* because the heirs of Genie Allen and the heirs who take her estate are the same persons. The word heirs, when used in its technical legal sense in Article 2040, applies to persons appointed by law to succeed to the estate of an intestate decedent. Bouvier's Law Dictionary (3rd Rev., 8th ed.). The face of the judgment does not show it to be void.

■ It has been noted that the plaintiffs instituted a trespass to try title suit and specially pled their title; on demand of the defendants they filed an abstract of the title documents upon which they relied. Such pleadings restricted the plaintiffs to proof of the title pled. 56 Tex.Jur.2d, Trespass To Try Title, Sec. 86. Nothing in the plaintiffs' posture before the court or trial pleadings is construable as an action or pleading invoking the equity power of the trial court to set aside the sheriff's deed emanating from the judgment for delinquent taxes. The plaintiffs' brief in this Court, however, assumes that the tax judgment and deed are voidable, if not void, and should have been declared void because of improper citation of defendants, failure to join as parties to the suit all persons visibly in possession of the land, as well as all residents of the state actually or constructively known to have an interest in the land. In the absence of pleadings seeking such equitable relief, that is to say an action for cancellation of the sheriff's deed, these issues would not arise in a trespass to try title case. 56 Tex.Jur.2d, Trespass To Try Title, Sec. 90. Moreover, a plaintiff has the burden of proof in an action for cancellation. Unless pled by the plaintiffs and summary judgment proof tendered, cancellation issues would not arise on the defendants' motion for summary judgment. *Nichols v. Smith*, 507 S.W.2d 518 (Tex.1974); 4 McDonald's, Texas Civil Practice, Sec. 17.-26.2. There is no basis in this record for the trial court to have considered such issues.*

■ As the discussion indicates, this Court must hold the sheriff's deed was not void. As a valid deed, the instrument conveyed to the defendants a superior title to the land and supports the take nothing judgment of the trial court. The record shows the land was deeded to Virginia Allen after she was married to A. L. Allen. Her husband's name does not appear as a grantee in the instrument. Presumptively the land was community property and A. L. Allen had an equitable title to his interest therein. The silence of the briefs of both parties implies recognition or agreement that the sheriff's deed, if valid, conveyed A. L. Allen's interest as well as that of his wife. Such agreement or recognition is compelled by *Hellman v. Huebner*, 234 S.W.2d 117 (Tex.Civ.App. Galveston 1950,

---

* Defendants' brief in this Court relied upon the four year statute of limitations, Tex.Rev.Civ. Stat.Ann. art. 5529. The record shows the delinquent tax judgment was rendered in 1928, plaintiffs admittedly have not had possession of the land since 1931 and this suit was instituted in 1974. Effort to set aside the tax judgment and sheriff's deed because of errors in the proceedings is obviously a collateral attack on the judgment that is impermissible, as would be a direct attack, unless instituted within four years. *Slaughter v. Qualls*, 139 Tex. 340, 162 S.W.2d 671 (1942); *Moody v. Gayle*, 311 S.W.2d 419 (Tex.Civ.App. Houston 1958, no writ); *Holbert v. City of Amarillo*, 294 S.W.2d 243 (Tex.Civ.App. Amarillo 1956, writ ref'd n. r. e.); *Clark v. Puls*, 192 S.W.2d 905 (Tex.Civ.App. Amarillo 1946, writ ref'd n. r. e.); *Robinson v. State*, 143 S.W.2d 629 (Tex.Civ. App. Dallas 1940, writ dism'd); *Restivo v. Franklin*, 177 S.W.2d 811 (Tex.Civ.App. Waco 1944, writ ref'd).

writ ref'd n. r. e.); *Harvey v. Humphreys*, 178 S.W.2d 733 (Tex.Civ.App. Galveston 1944, writ ref'd w. o. m.); *Love v. R. S. Allday Supply Co.*, 106 S.W.2d 830 (Tex.Civ. App. Eastland 1937, writ dism'd).

■ The second point of error briefed by the plaintiffs is that the trial court erred in granting the defendants' motion for summary judgment because "proponents of the statutes of land limitations always have the burden of obtaining favorable fact-findings thereon." As the record is understood, the take nothing judgment in the trial court is based upon the defendants' superior title. Title was not awarded to the defendants on the basis of limitations. The court merely determined that the plaintiffs were not entitled to recover. See 4 McDonald's, Texas Civil Practice, Sec. 17.11. No error is shown.

The judgment of the trial court is affirmed.

### On Motion For Rehearing

In opposition to the defendants' separate motions for summary judgment, the plaintiffs filed an affidavit that Elsie Allen Leroy, one of the heirs of A. L. and Virginia Allen, resided on the land in suit from 1920 to 1931 when Elsie Allen Leroy and family were ejected from the land. Thus, the record contains evidence that an heir of Genie Allen was in visible possession of the land for some years prior and at the time the delinquent tax suit was instituted in 1928.

The plaintiffs argue the affidavit raises a fact issue that defeats the defendants' summary judgment motions because the establishment of such visible possession at and prior to the time the suit was filed renders the judgment in the tax case inefficacious under authority of *Scales v. Wren*, 103 Tex. 304, 127 S.W. 164 (1910). The contention is that the judgment against the heirs of Genie Allen did not bind an heir whose name was known or could have been ascertained by proper investigation at the time the tax case was filed. Solution of the question presented may be found in an analysis and comparison of the scope of the provisions of Tex.Rev.Civ.Stat.Ann. art. 2040 and art.

7342. The first mentioned statute pertains to suits against heirs to the property of a decedent and the second pertains to tax suits against unknown owners of land.

Article 7342 is the successor article to that under consideration in *Scales v. Wren*, and as the statute did in that case, contains provisions that authorize suits to foreclose tax liens and collect taxes on land when the name of the land owner or owners is unknown. The statute authorizes service of process upon such unknown owners by newspaper publication and directs that such process issue on the affidavit of the attorney for the state setting out that *the owner or owners are unknown to the attorney for the State, and that after inquiry cannot be ascertained.* It is pointed out in *Scales v. Wren* that suit is authorized by the statute against unknown owners and not against owners who are known or who may be ascertained by proper inquiry. Therefore, under *Scales v. Wren*, when it is shown in a collateral proceeding that the land owner was known at the time of suit or might have been ascertained by proper investigation, judgment against an unknown owner cited by publication does not bind an owner known or ascertainable at time of suit.

■ Article 2040 provides:

"Where property in this State has been granted or has accrued to the heirs as such, of any deceased person, . . . any party having a claim or cause of action against them relative to such property, *if their names be unknown to him*, may bring an action against them . . as the heirs of such named ancestor . . *If the plaintiff, his agent, or attorney, shall make oath that the names of such heirs . . . are unknown to the affiant*, the clerk shall issue a citation for such heirs . . . addressed to the sheriff or any constable of the county in which such suit is pending. Such citation shall contain a brief statement of the cause of action, and shall command the officer to summon the defendant by making publication of such citation as provided in the preceding article." (Emphasis added.)

The language of the article authorizes citation of heirs by publication upon oath of a plaintiff, his agent or attorney, that the names of heirs are unknown to affiant. The reach of this provision is distinctly different and less demanding than the requirements of Article 7342 wherein the State's attorney is compelled to swear the name of the owners of land is unknown to him and cannot be ascertained by statutorily mandated investigation. Article 2040 places no burden on the affiant to make a particular investigation, a show of want of knowledge is all that is required. The burden placed upon the plaintiff, his agent or attorney, is discharged by oath that the heirs' names are unknown to affiant.

 As stated in the original opinion, the presumption in the tax case, in the absence of the file papers, is that a sufficient affidavit was made by counsel. The conclusion is inescapable that the presumptive affidavit gave the court jurisdiction of the tax case and that failure to ascertain, by diligent inquiry, the names of the heirs of Genie Allen, deceased, is at most an irregularity in the tax case that may not be reviewed in this collateral proceeding. Although apparently at odds with some views expressed herein, *State v. Bagby's Estate*, 126 S.W.2d 687 (Tex.Civ.App. Texarkana 1939, no writ), considered a direct appeal from the district court and held that an affidavit "regular on its face under the provisions of Article 2040" was sufficient to give the appellate court jurisdiction of the appeal and treated failure to investigate as an irregularity. No case directly in point has been found but the reasoning of *Scales v. Wren* presents no obstacle to the conclusion here drawn that judgment in the tax case is not void but at most voidable.

It follows that in this, a trespass to try title case, effort to set aside judgment in the tax case constitutes a collateral attack on the judgment. Tex.Rev.Civ.Stat.Ann. art. 5529 bars an attack, either collateral or direct, after expiration of four years from the date the judgment in the tax case became final. See also 34 Tex.Jur.2d, Judgments, Sec. 258, 259 and 260. It is undisputed that more than four years elapsed before the instant suit was filed. Authorities cited in the footnote to the original opinion are applicable. The motion for rehearing is overruled.